[No. 9516.   Department One.   October 26, 1911.]

THE STATE OF WASHINGTON, *on the Relation of C. Hofstetter,
Plaintiff*, v. BEN SHEEKS, *Judge etc., Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—PROPOSING AND CERTIFY-
ING.   Where, in making up a proposed statement of facts, the trial
judge ordered appellant's statement of his evidence in narrative
form stricken out and the full stenographer's report thereof added,
the appellant is not entitled to have the statement certified by add-
ing the stenographer's report without striking out the objectionable
part as ordered.

Application filed in the supreme court September 29, 1911,
for a writ of mandamus to compel the superior court for
King county, Sheeks, J., to certify a proposed statement of
facts.   Denied.

*L. H. Wheeler*, for relator.

*Roberts, Battle, Hulbert & Tennant* and *Geo. R. Biddle*,
for respondent.

PER CURIAM.—This is a second application for a writ of
mandate.   See former opinion, *State ex rel. Hofstetter v.
Sheeks*, 63 Wash. 408, 115 Pac. 859.   In speaking to the
merits, after an answer had been filed to the first writ, we said:

"But the trial judge having certified to this court that the
proposed statement is in some respects untrue, the writ will
issue, with directions to the lower court to specify his objec-
tions so that the relator may have formal opportunity to
comply with his demands.   'The court should, if in its judg-
ment the statement omitted certain material evidence or pro-
ceedings, order the insertion thereof in the record, and con-
tinue so to order until it could properly make its certificate
in the language of the statute.'   *State ex rel. Roberts v.
Clifford, supra.*"

The relator states in his application, "that the said judge
ordered and directed that the whole of affiant's, plaintiff's,

[1]Reported in 118 Pac. 308.

testimony embraced in plaintiff's original proposed statement of facts should be stricken." He has not complied with this requirement, which we think was a reasonable one. This was pointed out to him by the letter of the respondent, wherein he states: "One complete statement should be made up by omitting what I ordered stricken from your proposed statement and by inserting what I ordered added." The relator has added one hundred and twenty-seven pages to the original statement of facts, and has duplicated his own testimony. A part of the original statement is in the narrative. It is possible, therefore, that there may be a conflict between the substance of the testimony as prepared by the relator in the original statement and a verbatim copy of the testimony as transcribed by the reporter. A compliance with the court's suggestion will at least avoid confusion and repetition. The relator has seemingly complied with all of the court's order except that he has not stricken his own testimony from the original statement.

The writ is denied.