[No. 10465.   Department One.   June 18, 1912.]

A. E. HEATH, *Respondent*, v. SEATTLE TAXICAB COMPANY, *Appellant*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—SETTLEMENT—REFERENCE. Where, upon the settlement of a proposed statement of facts, to which no amendments were proposed, an issue of fact arises between the judge and counsel as to what occurred at the trial, the supreme court will order a reference to another judge to take evidence and report his findings.

Application filed in the supreme court June 5, 1912, for an order of reference to settle the facts to be certified on appeal from a judgment of the superior court for King county, Tallman, J.   Granted.

*Longfellow & Fitzpatrick*, for appellant.

*Brightman & Tennant*, for respondent.

[1]Reported in 124 Pac. 217.

PER CURIAM.—A judgment was rendered in the lower court against defendant, and notice of appeal given. Thereafter and within time a statement of fact was filed and served upon the attorneys for the plaintiff. No amendments were proposed, and on the 9th day of May, 1912, defendant's counsel presented the statement to the court, and requested that it be certified as the statement of facts on appeal. Thereupon the trial judge refused to certify the statement as proposed, and upon his own motion and over the protest of the defendant, made an addition to the proposed statement as follows:

"During the progress of the trial in this case, in open court but not within the hearing of the jury, the court read to Mr. Longfellow, counsel for the plaintiff, and Mr. Tennant, counsel for the defendant, the following instruction:

" 'The ordinance of the city of Seattle regulates the speed of automobiles and taxicabs at the place this accident is alleged to have occurred, and that they be run at a speed not to exceed twelve miles per hour, and that in crossing at the intersection of Fremont avenue and Ewing street in said city, the speed be not to exceed eight miles per hour, and if, from the evidence, you find that the driver of said taxicab, at the time and place mentioned in the complaint, ran his cab at a greater rate of speed than that allowed by the said ordinance, he was guilty of negligence.'

"After reading the same to the said counsel, the court asked both of them if the said instruction stated the law correctly as to speed limits involved in and applicable to the case on trial. Both said counsel said it did. The court also asked them if they were satisfied with the instruction as read to them and they both answered in the affirmative. The court relied upon the fact that both said counsel so agreed as to the said instruction stating the law correctly, as aforesaid, and gave the same to the jury without further investigation."

Defendant comes to this court asking for an order of reference to settle the dispute which has arisen between it and the court as to the correctness of the addenda to the certificate. That a trial judge has the right to make the

statement conform to the facts occurring at the trial, there
.can be no doubt. *State ex rel. Hofstetter v. Sheeks*, 63 Wash.
408, 115 Pac. 859; *Id.*, 65 Wash. 410, 118 Pac. 308. But
where no exception is made by opposing counsel, and no
amendments are proposed, we think that it would be going
too far to hold that the trial judge has the right to change
the statement so materially as to affect the merit of the
appeal, as was done in this case, and thus deprive the party
appealing of all remedy and opportunity to be heard. It
will be noticed that the addition to the certificate does not
purport to add to the testimony of any witness or to take
away therefrom, but raises directly an issue of fact between
the trial judge and counsel. The statute furnishes no pro-
cedure in a case of this kind, but we have had to deal with
the same condition in one or more unreported cases. We
there met the situation by referring the issue to another judge
to inquire into and report the fact to us, and it is our order
that it be so in this case.

It is therefore ordered that the record in this case be for-
warded to the Honorable Walter P. Bell, judge of the su-
perior court for the state of Washington in and for Sno-
homish county, and that he be directed to go to King county
and there take evidence and hear such witnesses as may be
offered on behalf of either the trial judge or counsel, and that
he return to this court his findings and conclusions.