[No. 7746.  Decided December 18, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Leonard
Fowler et al., Plaintiff*, v. R. S. STEINER, *as Judge
of the Superior Court for Chelan
County, Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—INSUFFICIENCY — SETTLE-
MENT—CORRECTION OF ERRORS—MANDAMUS.  It is error for the trial
court to strike out a proposed statement of facts because it is not
deemed a proper statement, where it was filed in good faith in an
attempt to comply with the statute; since the remedy of the adverse
party is to propose amendments, or to require that defects be sup-
plied; and mandamus lies to compel the trial judge to proceed with
the settlement.

Application filed in the supreme court, November 11, 1908,
for a writ of mandamus to compel a trial judge to settle a
proposed statement of facts.  Writ granted.

*Bevington & Finch*, for relators.

*Reeves & Reeves*, for respondent.

FULLERTON, J.—This is an application for a writ of
mandamus.  It appears from the record that four certain
causes were at issue and pending for trial in the superior
court of Chelan county, which the court consolidated for
trial as one action.  The parties thereupon stipulated in
writing that the consolidated action should be submitted upon
its merits at a day therein named, in the

"following manner to wit:  Upon the pleadings now on
file in said several causes of action, as consolidated in said
suit No. 3, it being understood that the complaints filed by
the several plaintiffs in each of said suits, is to be considered
as evidence, and the answers, cross-complaint and interplead-
ers filed by Leonard Fowler and Mary B. Fowler his wife,
are also to be considered as evidence, and the actions thus
consolidated are to be submitted on the issues thus joined
and the evidence thus submitted under this stipulation."

[1]Reported in 98 Pac. 609.

On the day named in the stipulation, the cause was tried in the manner agreed upon, whereupon the court determined the issues in favor of the plaintiffs and against the defendants, and thereafter rendered and entered judgment in accordance therewith.   In this judgment as entered certain recitals were made which, if unexplained, tended to show that evidence other than that mentioned in the stipulation had been introduced at the trial and considered by the court. The defendants appealed from the judgment entered, and in due time thereafter filed with the clerk of the court and served upon the opposing party a proposed statement of facts.   The defendants thereupon appeared and moved to strike from the record the proposed statement of facts on the ground, among others, that the proposed statement did not contain any matter proper, to settle as a statement of fact in any cause.   This motion the court granted, and the defendant applied for this writ.

The statute relating to the certification of statements of fact for the purpose of an appeal provides that a party desiring to have such a statement certified must prepare the same as proposed by him, file it in the cause, and serve a copy thereof on the adverse party, and written notice thereof on any other party who has appeared in the cause.   Within ten days after such service, any party to the cause may file and serve on the proposing party any amendment which he may propose to the statement.   Any party may then serve upon the others written notice that he will apply to the judge of the court before whom the cause is pending or was tried to have the statement settled and certified, at which time, or at such time as the hearing may be adjourned, the judge shall settle and certify the statement.   It is further provided that, if no amendments to the statement be proposed, or if amendments be proposed which the other party accepts, the judge may settle the statement without notice to any other party.   Bal. Code, § 5058 (P. C. § 675).

The procedure herein provided for, it will be noticed, does

not contemplate the practice of moving to strike the statement of facts merely because it does not conform to what the adverse party may deem a proper or correct statement. The remedy the statute gives him is the right to propose such amendments as will make the statement a proper and correct statement of the facts of the case, and in all ordinary cases this is the adverse party's sole remedy for a defective or imperfect statement. But it is equally plain that it was not the purpose of the statute to require the adverse party to furnish the entire or any considerable portion of the statement, and the appellant should not be permitted to compel him to do this either designedly, or by omissions made through inadvertence. If, therefore, there is a serious omission in the proposed statement, or if the proposed statement is not in a form the court may deem proper, the party proposing it should himself be required to supply the defect. But the proper practice to accomplish this end is not to strike the proposed statement. Such a practice will in most cases deprive the party of his right to perfect his appeal, and consequently deprive him of a substantial part of that remedial justice guaranteed by the constitution and laws of the state. The better practice is to give the party an opportunity to correct the defects and supply the omissions pointed out, and strike the statement only when he refuses to comply with the court's order. The statement should be stricken in the first instance only where it is manifest that the party proposing it has been guilty of bad faith or such gross negligence as will amount to bad faith: the remedy should not be invoked where there has been an attempt in good faith to comply with the statute.

In the case at bar, the court in his return does not deny the necessity of a statement of facts to properly present the case in this court; on the contrary, he states that he has been ready and willing at all times to certify to a proper statement of facts, and avers that he has not been requested to certify a proper statement and no proper statement of

facts has ever been presented to him for certification, or any proposed statement of facts other than the one of which a copy is attached to his return, being a copy of the applicant's proposed statement. But it is manifest on examining this statement that the party proposing it was endeavoring in good faith to comply with the statute. The proposed statement is evidently a literal transcript of the stenographer's notes of what transpired at the trial. It contains, it is true, much matter that has no place in a statement of facts, but since it contains matters that are material and was filed in good faith in an attempt to comply with the statute, it was sufficient to invoke the jurisdiction of the court, and the court, instead of striking it, should have required it to be amended in the particulars it was deemed faulty, and after amendment certified it as requested.

A writ of mandate will issue directing the lower court to vacate the order striking the proposed statement of facts, with instructions to proceed thereafter as indicated in this opinion.

RUDKIN, MOUNT, and CROW, JJ., concur.