[No. 8412.    Department One.    November 2, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Frank Roberts, Plaintiff*, v. M. L. CLIFFORD, *Judge etc., Respondent*.[1]

APPEAL—STATEMENT OF FACTS—MANDATE TO COMPEL CERTIFICATION. The supreme court can by mandate require the trial judge to settle and certify the statement of facts when the time arrives for the performance of such statutory duty.

SAME—STATEMENT OF FACTS—CONTENTS—SETTLEMENT—DETERMINING FACTS. The trial judge cannot require that the entire transcript

[1]Reported in 104 Pac. 631.

of the reporter's minutes be embodied in a statement of facts to
which no amendments are proposed, because of his inability to de-
cide upon its accuracy without a complete transcript of the reporter's
minutes, since it. is a duty devolving upon him to examine the state-
ment and determine from his own judgment whether it contains "all
the material facts, matters, and proceedings" theretofore occurring
in the cause and not a part of the record, and if it does not, to
require their insertion.

Application filed in the supreme court October 18, 1909,
for a writ of mandamus to compel the superior court for
Pierce county, Clifford, J., to settle and certify a proposed
statement of facts. Writ granted.

*Teats, Metzler & Teats*, for relator.

*B. S. Grosscup* and *W. C. Morrow*, for respondent.

Morris, J.—Application for writ of mandamus, directed
to the respondent, requiring the settlement and certification
of a statement of facts, in an action tried before the respond-
ent, resulting in judgment against relator and an appeal to
this court. It appears that, on June 24, 1909, the relator
filed and served his proposed statement of facts; that on
June 25, counsel for the prevailing party filed objections to
the proposed statement, upon the ground that the same did
not contain all of the evidence, and all of the records in the
cause, and moved to amend the same by including all of the
evidence and all of the record, as the same were had and
done at the trial of the cause. This motion was granted on
July 3. On July 10, relator called up for hearing his appli-
cation for certification of the proposed statement, which was
heard on September 4, the respondent refusing to certify or
settle a statement of facts because a transcript of all the evi-
dence had not been included therein; nor did the same con-
tain all of the record and proceedings had upon the trial of
the cause. No amendments were proposed by counsel for the
prevailing party, within ten days or at any other time, and
his attitude seems to be as expressed in his motion of June
25. The respondent appears here and returns as his reason

for his refusal to settle and certify the proposed statement of facts:

"That the same did not contain all the testimony nor all of the material matters and proceedings had in the cause, nor did it contain the ground of respondent's ruling upon defendant's motions, which were presented for his decision, as the same were set forth by this respondent at the time of the trial, but that it was merely a skeleton draft of the testimony in the case  .  .  .  and respondent could not tell whether it was accurate or correct as far as it went, unless he had a transcript of the court reporter's record of the proceedings had at the trial to compare it with."

Inasmuch as it is, under our practice, the duty of the court below to settle and certify a statement of facts, when under the statute the time has arrived for such settlement and certification, this court may, and should, by its mandate compel the court below to perform its statutory duty. It will not do for the court to say it does not know whether the proposed statement of facts is accurate or not. The law assumes that the court does know, and requires that he shall know. As a matter of fact such assumption may be a fiction, but it is a fiction of the law and must be given full effect. Manifestly, then, when a proposed statement of facts is presented to the court for settlement and certification, it is the duty of the court to examine it and ascertain whether or not it contains, in the language of the statute, "all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or such thereof as the parties have agreed to be all that are material therein"; and if in his judgment it fully meets such requirements, he should so certify it. If in his judgment it does not meet such requirements, and material facts and matters are omitted therefrom, the court should order their insertion, and when so inserted make its certificate accordingly. If, however, this order of the court be not complied with, the statement may be stricken. *State ex rel. Fowler v. Steiner*, 51 Wash. 239, 98 Pac. 609.

The court may not say he does not know, and only can know when the entire transcript of the evidence and proceedings as taken by a stenographer at the trial are embodied in the statement as a part thereof.   This would be, in effect, the substitution of the stenographer's judgment as to what was the evidence and procedure for that of the court's, and while doubtless the courts may safely rely upon the stenographer obtaining and presenting a correct transcript of the proceedings, it is nevertheless the duty of the court to examine it until it is satisfied that it is such a true record, and in such examination the court must rely upon its own judgment and memory of the proceedings, and not upon that of the stenographer.   The court, therefore, may not require the embodiment of the entire transcript as made by the stenographer, upon the ground that only in such embodiment may he know that the statement contains all the material facts. He should require the party proposing a statement of facts to embody therein "all the material facts," whether such a requirement means less or more than may be shown by the stenographer's transcript; and in so requiring, the court must itself, from its memory or other aids which it may properly employ for such a purpose, determine when the proposed statement is sufficient.   The court below was, therefore, wrong in requiring relator to make the entire transcript a part of his proposed statement, for the reason that it could only then know that the same was a proper statement.   The court should, if in its judgment the statement omitted certain material evidence or proceedings, order the insertion thereof in the record, and continue so to order until it could properly make its certificate in the language of the statute.

The writ will issue directing the respondent to vacate the order of July 3, 1909, with instructions to proceed thereafter as indicated herein.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.