[No. 9516.  Department Two.  June 1, 1911.]

THE STATE OF WASHINGTON, *on the Relation of C. Hofstetter*,
*Plaintiff*, v. BEN SHEEKS, *Judge, etc., Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—CERTIFICATE—MANDAMUS
TO COMPEL CERTIFICATION.  Where the return of the trial judge shows
that a proposed statement of facts in narrative form is untrue, an
unqualified mandate to compel him to certify to the same will not
issue, but he will be directed to specify his objections and give ap-
pellant opportunity to comply with his demands.

APPEAL—RECORD—STATEMENT OF FACTS — PREPARATION.  The ap-
pellant has a right to file a statement of facts in narrative form, but
the burden is upon him to furnish a sufficient statement to show the
facts upon which error is predicated.

SAME—AMENDMENTS—SUFFICIENCY.  Proposed amendments to a
statement of facts in narrative form cannot require the substitution
of the stenographer's minutes, and are insufficient if they do not
point out wherein the statement is erroneous.

Application filed in the supreme court April 15, 1911, for
a writ of mandamus to compel the superior court for King
county, Sheeks, J., to certify a proposed statement of facts.
Granted.

*L. H. Wheeler*, for relator.

*Roberts, Battle, Hulbert & Tennant* and *Geo. R. Biddle*,
for respondent.

CHADWICK, J.—The relator has applied for a writ of man-
damus, directed to the superior court of King county, to com-
pel the certification of a statement of facts.  The record shows
that, on February 25, 1911, relator prepared and filed a
statement of facts on appeal, in a case wherein he was plain-
tiff and the Sound Trustee Company and others were de-
fendants.  The statement was partly in the narrative form,
and was in part made up of the stenographer's notes.  On
March 9, 1911, counsel for the defendants filed and served a

[1]Reported in 115 Pac. 859.

document which they called proposed amendments to the statement of facts, but it goes no further than to move the striking of what they called the "proposed statement" adopted by the relator, and the substitution therefor of the notes of the reporter. No amendments were proposed or errors pointed out in the statement filed, although an affidavit has been filed in this court in which it is asserted that the proposed statement, in so far as it is in the narrative form, is garbled and inaccurate and contradictory of the testimony as actually given by the witnesses. The trial judge has made return to our order to show cause, saying, among other things, that:

"As the case was being reported at the trial I had taken no notes of any consequence. So at the time, more than two months after the trial, I did not think I could point out all the amendments and corrections necessary to make a substantially complete or correct statement of all the material facts, especially without the presence and assistance of the attorney who had tried the cause for defendants. . . . Insisting as I then understood him, that as no amendments had been proposed by the adverse party, he was entitled to have the statement certified as he had presented it. Upon inquiry I found that a transcript of the evidence which relator had undertaken to reproduce in narrative form and wherein the defects were found could be had upon payment of the customary price. I then suggested to the attorney for relator that he and the attorney on the other side get together and see if they could not agree upon a statement, or that he procure a transcript of the evidence, or that at least it be taken up again when the attorney who had tried the cause for defendant could be present. At first he objected and insisted on his right to have it signed on the ground above stated. But after explaining to him that I though I ought not certify that as being true which I believed untrue, I understood him to acquiesce in the suggestion."

The court has then said that the statement as prepared is untrue and does not recite all of the material facts occurring at the trial. Because of this return, an unqualified writ will not issue, for, if in the judgment of the trial judge the state-

ment does not fully meet the requirements of the statute, in that the statement should show all the material facts, matters, and proceedings occurring in the cause (Rem. & Bal. Code, § 1729), he is not bound to do so. Neither can the court compel the production of the extended notes of the stenographer; for as we said in *State ex rel. Roberts v. Clifford*, 55 Wash. 440, 104 Pac. 631, that would be substituting the stenographer's judgment for his own.

"He should require the party proposing a statement of facts to embody therein all the material facts, whether such a requirement means less or more than may be shown by the stenographer's transcript; and in so requiring, the court must itself, from its memory or other aids which it may properly employ for such a purpose, determine when the proposed statement is sufficient."

The practice of bringing a narrative statement of the testimony to this court is to be encouraged. The statement in the affidavit filed on behalf of the respondent, that more than one hundred pages of the record have been reduced to four pages, does not to our minds indicate that it does not contain all the material facts testified to by the witness. On the contrary, it might still be subject to a motion to strike for redundancy, for our experience has taught us that the usual and ofttimes necessary repetitions and reiterations of the trial are not always essential to give this court a proper understanding of the facts. But it does not follow that this privilege can be abused. In whatever form proposed, the burden is on the appellant to furnish a statement of the testimony sufficient to show this court the facts upon which the assignments of error are predicated and to give this court a full understanding of the case. The burden cannot be shifted to the respondent by filing an incomplete narrative. *State ex rel. Fowler v. Steiner*, 51 Wash. 239, 98 Pac. 609. The so-called amendments proposed by the parties defendant in the principal case were insufficient, in that they did not point out wherein the proposed statement was erroneous, and should not be considered by the court; but the trial judge

having certified to this court that the proposed statement is in some respects untrue, the writ will issue, with directions to the lower court to specify his objections so that the relator may have formal opportunity to comply with his demands.

"The court should, if in its judgment the statement omitted certain material evidence or proceedings, order the insertion thereof in the record, and continue so to order until it could properly make its certificate in the language of the statute." *State ex rel. Roberts v. Clifford, supra.*

MORRIS, ELLIS, and CROW, JJ., concur.