[No. 13282. Department Two. October 9, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. A. E. HANKINS, *Appellant.*[1]

APPEAL—RECORD—STATEMENT OF FACTS — CERTIFICATE — SUFFICIENCY. Where the statement of facts is incomplete and does not contain all the material facts and is certified to omit the testimony of a number of witnesses, and appellant, on motion, refused to correct it, a motion to strike is well taken; as the burden is upon appellant to furnish a statement certified to contain all the material facts, or all which the parties have agreed to be all that are material, under Rem. 1915 Code, § 391.

APPEAL—RECORD—EVIDENCE—NECESSITY. Error cannot be predicated on refusing a requested instruction when the testimony of the witness on which it was based is not brought up in the record.

TRIAL—INSTRUCTIONS—RECITALS OF EVIDENCE. It is not error, in giving the legal principles submitted in a requested instruction, to omit the recitals of evidence prefacing the same.

[1]Reported in 160 Pac. 307.

Appeal from a judgment of the superior court for Ferry county, Pendergast, J., entered June 10, 1915, upon a trial and conviction of manslaughter. Affirmed.

*G. V. Alexander* and *Chas. P. Bennett,* for appellant.

*LeRoy McCann* and *James T. Johnson,* for respondent.

HOLCOMB, J.—Appellant, prosecuted for murder, was convicted of manslaughter, denied a new trial, and sentenced. He urges as grounds of reversal the refusal of two prayers for instructions and the consequent alleged error in denying a new trial.

The statement of facts is incomplete, does not contain "all the material facts" nor "all the facts agreed to be material by the parties," and is certified by the trial judge to omit the entire testimony of a number of witnesses who testified, and the cross-examination of those witnesses who did testify, including that of the defendant himself, whose direct testimony is incorporated therein.

No amendments were proposed by respondent, but timely motion was made to require appellant to correct his proposed statement by including the omitted cross-examination of the witnesses who testified and the testimony of the other witnesses which was omitted; and an alternative motion to strike the proposed statement for such omissions. No attention was paid to these motions by appellant, and, so far as the record discloses, no action was taken thereon by the trial court.

Upon this state of the record, respondent makes several motions, to strike from the statement and the transcript, to strike the certificate, and to strike the entire statement and affirm the judgment.

We feel that the last motion, to strike the entire statement and affirm, is well taken. We have said that "the burden is on the appellant to furnish a statement of the testimony sufficient to show this court the facts upon which the assignments of error are predicated and to give this court a full

understanding of the case. The burden cannot be shifted to the respondent by filing an incomplete narrative." *State ex rel. Hofstetter v. Sheeks*, 63 Wash. 408, 115 Pac. 859. Also, *State ex rel. Fowler v. Steiner*, 51 Wash. 239, 98 Pac. 609; *State ex rel. Roberts v. Clifford*, 55 Wash. 440, 104 Pac. 631; *Taylor v. Andres*, 83 Wash. 684, 145 Pac. 991.

There may be two forms of certificate to a statement of facts:

(1) It may certify that the record contains "all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record;"

(2) It may be certified as containing all the facts, matters and proceedings occurring upon the trial which "the parties have agreed to be all that are material" to the hearing on appeal. Rem. 1915 Code, § 391.

The certificate before us does neither, and there was no agreement of the parties that the statement contained all the facts, matters and proceedings occurring upon the trial which were material. No attempt was made by appellant to furnish a complete statement containing all the material facts, matters and proceedings occurring upon the trial, or to compel one.

We have consistently held, from *Kirby v. Collins*, 6 Wash. 297, 32 Pac. 1060, to *State ex rel. Miller v. Seattle*, 45 Wash. 691, 89 Pac. 152, that, upon such condition of the record, the statement should be stricken. As in the last cited case, by the certificate in this case "we are advised . . . that all the material facts which were before the trial court and which controlled its action are not before us."

Assuming, however, that the statement contains all the facts which appellant supposed were and are material to the question of the propriety and correctness of the requested instructions, and because of the gravity of the case and its importance to appellant, an aged man, we have carefully looked into the record. We are first confronted with the fact that the testimony of the appellant himself upon cross-exami-

nation is not produced. ·We are unable to ascertain what
admissions upon cross-examination he may have made which
nullified his testimony on direct examination on the basis of
which requested instruction No. 4 was asked. The court did,
however, without setting forth specifically the theory of ap-
pellant upon which that requested instruction—summarizing
his contention—was based, instruct the jury as to the ab-
stract principle of law that, "Homicide is excusable when
committed by accident or misfortune in doing any lawful act
by lawful means, with ordinary caution and without any un-
lawful intent;" and that, "Homicide by misadventure is the
accidental killing of another when the slayer is doing a law-
ful act unaccompanied by any criminal carelessness or reck-
less conduct," etc.; and that if "defendant would justify the
act or excuse it, the burden was upon the accused, unless the
proof on the part of the state sufficiently manifests that the
accused was justified or excused in committing it." The
jury were very fully, comprehensively, fairly, and lucidly
instructed upon each and every issue and phase of the case
usually necessary in such a prosecution or made appropriate
by the particular issues and contentions in the case.

The seventh instruction was given, so far as the legal prin-
ciples submitted were concerned, omitting only the recital of
evidence on behalf of appellant prefacing the same. Re-
citals of evidence in instructions are generally unnecessary
and seldom proper, although not necessarily erroneous be-
cause thereof. Instructions should clearly state the law, as
this one did, and not ordinarily recite facts or evidence.

We have thus discussed the matters complained of by ap-
pellant to demonstrate not only our solicitude for the assur-
ance of a fair trial to the appellant in a prosecution of such
grave consequence to him, but to show that, in our opinion,
it would probably be our duty to affirm the verdict and judg-
ment upon the complete record; but certainly, in any event,
upon the imperfect record brought to us, we cannot do other-
wise.

As the record stands, the statement must be stricken and the judgment affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and PARKER, JJ., concur.