### DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 14662. Department One. April 3, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Ina Hoffman Snook, Plaintiff*, v. JOHN S. JUREY, *Judge etc., Respondent.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—CERTIFICATION—ALL THE MATERIAL FACTS. A judge cannot be compelled to certify a statement of facts as containing all the material facts, when such is not the case, although no amendments were proposed, under Rem. Code, § 389, providing that if no amendments are proposed the statement shall be deemed agreed to; in view of Id., § 391, requiring the judge to certify that a statement contains all the material facts "when such is the fact."

SAME — STATEMENT OF FACTS — SUFFICIENCY — RIGHT TO AMEND. The trial judge is not justified in striking out, in effect, a proposed statement of facts by refusing to certify it without allowing an opportunity for amendment, where it was not made in bad faith and included considerable detail covering 70 typewritten pages, although it did not contain all the evidence material to the issue involved in the appeal.

Application filed in the supreme court January 29, 1918, for a writ of mandamus to compel the superior court for King county, Jurey, J., to certify a statement of facts. Denied.

*Tucker & Hyland* and *Herbert E. Snook,* for relator.

*Roy E. Campbell* and *Donworth & Todd,* for respondent.

[1]Reported in 171 Pac. 1014.

PARKER, J.—The relator, Ina Hoffman Snook, seeks an order and mandate from this court requiring the defendant, John S. Jurey, as judge of the superior court of King county, to certify a statement of facts as proposed by her in an action tried and prosecuted to final judgment upon the merits in that court, Judge Jurey presiding, from which judgment she has appealed to this court.

The action in which the relator seeks to have settled and certified the statement of facts in question was commenced and prosecuted in the superior court for King county by her, as plaintiff, against H. B. Kennedy and eight others, including Carl J. Smith, as defendants. The main purpose on the part of relator in prosecuting that action does not appear in the record before us. It appears, however, that there was in some manner incidentally involved therein the question of the amount of compensation Carl J. Smith was entitled to for services rendered by him as attorney for the relator, as executrix of the last will and testament of Josephine E. Kennedy, deceased. On August 1, 1917, a judgment for such services was rendered in that action in favor of Carl J. Smith and against Ina Hoffman Snook, as executrix of the last will and testament of Josephine Kennedy, deceased, and against the estate of Josephine Kennedy, in the sum of $6,000. She appealed from that judgment to this court, and thereafter caused to be prepared, filed and served upon Carl J. Smith and the other defendants in that action her proposed statement of facts. This statement was proposed as a statement of all the material facts occurring in the cause relating to the question of attorney's fees claimed by Carl J. Smith, as was evidenced by the proposed certificate attached thereto to be signed by the judge, reading in part as follows:

"I do further certify that said statement of facts contains all of the material facts, matters and proceedings heretofore occurring in said cause in the matter of attorney fees and not already a part of the record herein; and that the same contains all the facts, matters and proceedings, and all the evidence and testimony introduced upon the trial of said cause in the matter of attorney fees."

Thereafter, within the ten days prescribed by Rem. Code, § 389, for proposing amendments to proposed statements of fact, Smith moved the court to compel appellant, this relator, to file a complete statement of facts, or in the alternative, to strike her proposed statement of facts, and also objected to the signing of the statement of facts as proposed; that is, objected to its being signed as a statement of all the facts. This motion and objection was based upon the ground that the proposed statement did not contain all of the facts occurring in the cause relating to the matter of the attorney's fees in question. The judge denied the motion, both as to compelling her to prepare a more complete statement and as to striking the proposed statement, but he did not then sign the proposed statement as either a partial or full statement of the facts. Thereafter relator caused to be served upon Smith a notice that she would apply to the judge to certify the statement as proposed by her. The matter came on to be heard, when Smith renewed his objection to the signing of the statement as proposed, upon the ground that it did not contain all of the facts occurring in the cause relating to the matter of the attorney's fees in question. The judge, in effect, sustained this motion, refusing to certify the statement as proposed, but did sign a certificate thereto reading as follows:

"I, John S. Jurey, one of the judges of the above entitled court, sitting in Department No. 5 thereof, and the judge before whom the above entitled cause

was tried, do hereby certify that the matters and proceedings contained in the foregoing statement of facts are matters and proceedings occurring in said cause and the same are hereby made a part of the record herein.

"Done in open court, counsel for plaintiff and defendant being present, and counsel for plaintiff objecting to the form of this certificate, this 25th day of January, 1918. Exception allowed to plaintiff.

"John S. Jurey, Judge."

A copy of the proposed statement as certified by the judge is before us attached to the application for the writ in this proceeding. It contains seventy ordinary pages of typewriting, and it appears upon its face to cover in considerable detail and quite fully the question of attorney's fees for services rendered by Smith to the estate of Josephine E. Kennedy and relator as executrix thereof, though we cannot tell from the face of the statement just how far it may be deficient as a statement of all the facts occurring in the cause relating to that question. In his return and answer in this proceeding, the judge states in part as follows:

"That the said proposed statement of facts, as on file and of record in said cause, a copy of which is attached to the application for the alternative writ of mandate herein, does not contain all of the material facts, matters and proceedings heretofore occurring in said cause, but contains only a part of the material facts, matters and proceedings occurring therein respecting the attorney's fees of the said Carl J. Smith as aforesaid.

"That, at the trial of said cause, the said Carl J. Smith, H. B. Kennedy, and P. S. Norton, testified at great length concerning the actual services performed by the said Carl J. Smith as attorney for the executrix of the estate of Josephine E. Kennedy, deceased, and for the estate of Josephine E. Kennedy, which testimony was relevant and material upon the issue of the amount of attorney's fees which should be allowed the

said Carl J. Smith for the services aforesaid; that the evidence given by the above mentioned witnesses is not contained in the proposed statement of facts on file and of record in said cause, nor is it any part of the record therein; that to require affiant to certify that the said proposed statement of facts on file in said cause contains all of the material facts, matters and proceedings heretofore occurring in said cause in the matter of said attorney's fees and not already a part of the record herein, and all the evidence and testimony introduced upon the trial of said cause in the matter of said attorney's fees, would be requiring affiant as a judge of the superior court of King county to certify to something affiant and said court knows not to be true, but false and misleading.

"Furthermore, affiant states that, at the trial of said cause, as is shown by the agreement of counsel made in open court and as set forth on pages 8 and 9 of the proposed statement of facts, all of the testimony in the above entitled cause was to be considered by the court in fixing and determining the value of the services or amount of the attorney's fees of the said respondent, Carl J. Smith; that all of the testimony as aforesaid was thereby made relevant and material thereto."

There is nothing in the record before us indicating that, at or prior to the signing of the statement as above indicated, counsel for relator was by the judge given any opportunity to furnish such additions thereto as would make it a statement of all the facts occurring in the cause relating to the attorney's fees in question. We think we may assume from the record and the statements of counsel at the hearing in this court that no such opportunity was by the judge given to counsel for relator.

The first question for our consideration is, Was it the duty of the judge to certify the statement as proposed; that is, to certify it as a statement of all of the facts occurring in the cause relating to the attorney's

fees in question, in face of the objections of counsel for Smith, in whose favor the judgment was rendered, notwithstanding no amendments were proposed in his behalf? As at present advised, we think we are compelled to proceed upon the theory that the statement as proposed did not contain all the facts occurring in the cause relating to the attorney's fees in question. Counsel for relator contend, however, that such fact is of no controlling force here, since no amendments were proposed in behalf of Smith, and that, therefore, the statement as . proposed became in effect an agreed statement of all the facts occurring in the cause relating to the attorney's fees in question.

Section 389, Rem. Code, does seem to make a statement of facts to which no amendments are proposed an agreed statement of facts, and seems to contemplate that the trial judge shall certify it as such, and this, we think, is ordinarily the case. But we do not think this means that a trial judge is legally bound to certify a proposed statement of facts as containing all of the facts occurring in the cause not already a part of the record therein, when he knows that such is not the fact, and the opponent of the party proposing such statement objects to its being so certified. In Rem. Code, § 391, we read:

"The judge shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, are matters and proceedings occurring in the cause and that the same are thereby made a part of the record therein; and, *when such is the fact,* he shall further certify that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or (as the case may be) such thereof as the parties have agreed, to be all that are material therein."

We italicize the words of this section to be particularly noticed. This language negatives the idea that

the mere failure to propose amendments compels the certifying of a statement of facts as containing all of the facts, when objections to so certifying it are made by the opponent of the one proposing it, though he may offer no amendments, and the trial judge knows that it does not contain all the facts. Plainly a statement of facts proposed by a party as containing all the facts, which is objected to by the opposing party upon the ground that it does not contain all the facts, is not an agreed statement of all the facts.

In *State ex rel. Smith v. Parker,* 9 Wash. 653, 38 Pac. 156, there was involved a situation somewhat like that here involved: a statement of facts was proposed by a party, to which statement amendments were proposed by his opponent and which amendments were accepted by the proposing party. This, under Rem. Code, § 389, which was then the law (Laws 1893, p. 114), apparently made it an agreed statement of facts. Counsel for the proposing party insisted that the judge should then certify the statement as containing all the facts occurring in the cause not already a part of the record therein. This was objected to by counsel for the opposing party, though no objection was offered to the certifying of the statement as containing matters "occurring in the cause." This the judge offered to do, refusing to certify that the statement contained all the facts. It was sought by mandamus in this court to compel the judge to certify the proposed statement of facts as containing all the facts. In denying the writ and disposing of the application therefor, Judge Stiles, speaking for the court, said:

"Section 11 of chap. 60, Laws 1893, p. 115, is appealed to by the relators as sustaining their contention that when a statement has been proposed, and amendments are made and accepted, the engrossed statement and amendments are to be taken as an agreed state-

ment of all the material facts, and must be so certified by the judge. But the error of this construction is apparent from the present case. The statute does not contemplate that a trial judge shall be called upon to certify to this court as true what he knows to be not true.''

There have been some decisions rendered since then which may seem to hold that it is the legal duty of a trial judge to certify a statement of facts which has been agreed upon by counsel for all parties, according as it is agreed to be a partial or a full statement, whether such agreement is an express one or one arising from implication of law upon a failure to propose amendments, upon an acceptance of proposed amendments, or upon a failure to object to certifying of such statement as containing all the facts. But this court has never receded from the holding above quoted from in *State ex rel. Smith v. Parker,* to the extent of even suggesting that it is the legal duty of a trial judge to certify to a statement of facts as containing all the facts, over the objections of the opponent of the one proposing the statement, when the trial judge knows that that statement sought to be so certified does not in fact contain all the facts occurring in the cause and not already a part of the record therein. We cannot say that Judge Jurey failed in his legal duty when he refused to certify the statement of facts as proposed; that is, as containing all the facts occurring in the cause relating to the attorney's fees of Carl J. Smith in question.

What we have said so far might seem to call for our denial of the writ and order prayed for by relator and the giving of no further consideration to her rights in the premises. However, since this is an original proceeding in this court and is invoked in aid of our appellate jurisdiction, we think we are not confined to the

mere question of compelling the certifying of the statement of facts as proposed, but that it is our duty to grant relator such relief as the facts presented entitle her to, looking to the fair presentation of her appeal in this court. Counsel for relator express a willingness to supply any deficiency in the statement of facts proposed by her, in order to make it a statement of all the facts, if it be held not to contain all the facts in its present condition.

Now, unless it clearly appears that counsel for relator proposed and sought the certifying of the statement of facts as containing all the facts relating to the attorney's fees in question in bad faith and in an attempt to cast upon Smith, the judgment creditor, the burden of supplying a statement of some considerable portion of the facts relating to his attorney's fees in order to make it a statement of all the facts, we think the judge should not have limited his decision to the bare question of whether or not the statement as proposed contained all the facts, but, having concluded that the statement did not contain all the facts, should have given relator opportunity to supply such deficiencies, with directions as to what should be so supplied; and not until after reasonable opportunity and neglect on the part of the relator to so supply such deficiencies should a certificate as asked for by her have been finally denied. It appears here that a statement of all the facts occurring in the cause relating to the attorney's fees in question is necessary to review the judgment appealed from in the manner relator desires to have that judgment reviewed. So, when a certificate to that effect was finally denied by the judge, such denial was in effect the striking of the statement of facts as proposed, in so far as its benefit to her upon appeal is concerned. We adhere to the rule that a party proposing a statement of facts cannot cast upon his op-

ponent the burden of furnishing any considerable portion of a statement through proposed amendments; but that does not mean that, simply because a proposed statement of all the facts does not contain all the facts, it shall be cast aside by the trial judge and a certificate thereto, as such, finally refused without giving an opportunity to the one proposing it to supply such deficiencies as the judge may deem necessary to render it such that he can truthfully certify to it as containing all the facts. In *State ex rel. Fowler v. Steiner,* 51 Wash. 239, 98 Pac. 609, Judge Fullerton, speaking for the court, made the following pertinent observations touching this question:

"The procedure herein provided for, it will be noticed, does not contemplate the practice of moving to strike the statement of facts merely because it does not conform to what the adverse party may deem a proper or correct statement. The remedy the statute gives him is the right to propose such amendments as will make the statement a proper and correct statement of the facts of the case, and in all ordinary cases this is the adverse party's sole remedy for a defective or imperfect statement. But it is equally plain that it was not the purpose of the statute to require the adverse party to furnish the entire or any considerable portion of the statement, and the appellant should not be permitted to compel him to do this either designedly, or by omissions made through inadvertence. If, therefore, there is a serious omission in the proposed statement, or if the proposed statement is not in a form the court may deem proper, the party proposing it should himself be required to supply the defect. But the proper practice to accomplish this end is not to strike the proposed statement. Such a practice will in most cases deprive the party of his right to perfect his appeal, and consequently deprive him of a substantial part of that remedial justice guaranteed by the constitution and laws of the state. The better practice is to give the party an opportunity to correct the defects

and supply the omissions pointed out, and strike the statement only when he refuses to comply with the court's order. The statement should be stricken in the first instance only where it is manifest that the party proposing it has been guilty of bad faith or such gross negligence as will amount to bad faith; the remedy should not be invoked where there has been an attempt in good faith to comply with the statute.''

We note from statements made in the judge's return in this proceeding that he expressed the opinion that counsel for relator, in furnishing the statement of facts, did not propose it as a statement in good faith of all the facts relating to the attorney's fees in question. If we have correctly gathered the view of the trial judge upon the question of good faith, we conclude that we cannot concur in his view upon that question in the light of the record before us. The question of attorney's fees, for which judgment was rendered in favor of Smith, seems not to have been the main issue in the case upon trial, and it seems to us that we have in this record enough facts to warrant us in concluding that there was reasonable ground for difference of opinion as to how much of the facts occurring upon the trial of that case related to the question of the attorney's fees, for which judgment was rendered in Smith's favor. We may adopt the trial judge's view that the statement of facts as proposed by relator did not contain all of the facts relating to that question, yet we do not think that the statement as proposed was so far deficient that the trial judge was warranted in treating it as a statement proposed in bad faith with an intent to cast upon Smith the burden of supplying the deficiencies through amendments. This being true, we think that the trial judge should not have finally determined that the statement of facts as proposed should be cast aside entirely as a proposed statement of all of the facts, but that he should have given

the relator an opportunity to supply such deficiencies as would make it a statement of all the facts such as the judge could truthfully certify to be such.

While we deny a peremptory writ requiring the judge to certify the statement of facts as proposed in its present condition, we direct that the judge now furnish to relator a reasonable opportunity and time to prepare such additions to the statement as will make a statement of all the facts occurring in the cause relating to the attorney's fees in question not already a part of the record therein, and that the judge designate in a general way the particulars wherein the statement as proposed is deficient, to the end that counsel for relator may know what is required in that behalf.

ELLIS, C. J., FULLERTON, WEBSTER, and MAIN, JJ., concur.