[No. 33059. Department Two. December 13, 1954.]

WILLARD P. PALIN, *as Trustee, Plaintiff,* v. GENERAL CON-
STRUCTION COMPANY, *Defendant and Relator,* THE
SUPERIOR COURT FOR KING COUNTY, *Harold A.
Seering, Judge, Respondent.*[1]

[1]Reported in 277 P. (2d) 703.

*Ralph E. Franklin*, for defendant and relator.

*Kennett, McCutcheon & Soderland*, for respondent.

Hill, J.—This is an application for a writ of mandamus to compel a trial judge to sign the relator's proposed certificate that a proposed statement of facts "contains all the material facts, matters and proceedings heretofore occurring in said cause, and not already made a part of the record therein."

Willard P. Palin as trustee for certain companies, who is hereinafter called the plaintiff, recovered a judgment for twenty-four thousand two hundred dollars against the General Construction Company, hereinafter called the defendant or the relator. The defendant gave notice of appeal

and, July 2, 1954, timely filed and served on the plaintiff a proposed statement of facts (ten volumes of it) in compliance with Rule on Appeal 34, 34A Wn. (2d) 36.

Rule on Appeal 36, 34A Wn. (2d) 39, provides that the party on whom the proposed statement of facts is served may, within ten days after such service, file and serve on the proposing party any amendments thereto. If no amendments are offered within that ten-day period, ". . . the proposed statement shall be deemed agreed to and may be certified by the judge at the instance of either party, at any time. . . ."

No amendments were offered to the defendant's proposed statement of facts, but on the tenth day the plaintiff filed a "Notice of Objection to Form of Defendant's Proposed Certificate to Defendant's Proposed Statement of Facts." One hundred twenty-two pages, exclusive of affidavits, were required for the statement of facts covering subsequent proceedings which we can describe only as a "hassle" over the wording of the certificate to the proposed statement of facts. While in form a controversy over the certificate, it is in substance an attack upon the relator's good faith in filing the proposed statement of facts because of the omission of (a) plaintiff's opening statement, (b) defendant's opening statement, (c) argument regarding objections made during the course of the trial, (d) argument regarding motions made during the trial, (e) colloquy between the court and counsel, (f) closing argument of plaintiff, (g) closing argument of defendant, (h) "matters of 'colloquy', 'argument', and 'discussion'," (i) proceedings with reference to the presentation and signing of the findings of fact, conclusions of law, and judgment, and (j) proceedings upon defendant's motion for a new trial. These items, exclusive of the closing arguments, would add approximately 106 pages to the statement of facts.

We have five observations to make concerning this situation:

■ First: As we construe Rule on Appeal 35, 34A Wn. (2d) 38, which, in so far as here material, reads as follows:

"STATEMENT OF FACTS, WHAT CONSTITUTES. Any party may, after the entry of an appealable order or the final judgment in the cause, have *all rulings, decisions, evidence, papers, proceedings and exceptions in the cause, or so much thereof as may be material to an appeal* from such appealable order or from the final judgment, as the case may be, not already a part of the record, made a part of the record in the cause by the certifying of a statement of facts, as in these rules provided. . . .", (Italics ours)

none of items "a" to "j", inclusive, are, *per se*, necessary parts of a proposed statement of facts; nor is the omission of any or all of them from a proposed statement of facts necessarily evidence of bad faith in the filing thereof. Stated affirmatively, under certain conditions the omission of one or all of them may be evidence of bad faith but their omission raises no inference thereof. Such items, like instructions given and proposed, the exceptions thereto, and the *voir dire* examination of jurors, have ordinarily and properly been omitted from proposed statements of facts except when material to the consideration of specific assignments of error relating thereto. It has been necessary to have a special rule relating to instructions applicable only to those situations where error is assigned to the giving of instructions or the refusal to give proposed instructions (Rule on Appeal 34(8), 34A Wn. (2d) 38), but there is no apparent necessity for special rules relating to items "a" to "j".

Second: It has never been considered, as is argued here, that the omission of any or all of items "a" to "j", inclusive, from a proposed statement of facts makes that appeal an appeal on a short record under Rule on Appeal 34(3), 34A Wn. (2d) 36, or makes necessary the filing, with such proposed statement of facts, of a concise statement of the points on which the party intends to rely on appeal. No situation has been brought to our attention, and we find nothing in the present case, that suggests the desirability of a rule making every appeal an appeal on a short record within the purview of that rule, if any or all of items "a" to "j" are omitted from the proposed statement of facts.

■ Third: When a proposed statement of facts is served and filed, the adverse party on whom it is served can attack it as not having been filed in good faith, or can propose amendments thereto within ten days after the service thereof, or both. However, the adverse party fails to propose amendments at his peril, for if it be determined that the proposed statement of facts was filed in good faith and with an intent that it be a full and complete record of the material facts, matters, and proceedings theretofore occurring in the cause, the adverse party is deemed to have agreed to it and has no right thereafter to propose or suggest amendments, corrections, or supplementations. Rule on Appeal 36, *supra*; *Desimone v. Mutual Materials Co.*, 20 Wn. (2d) 434, 147 P. (2d) 945 (1944).

No proposed amendments having been filed by the plaintiff in the present case, he should not be permitted to attack the proposed statement of facts in the trial court and will not be permitted to in this court, except on the basis that it was not timely filed or was not filed in good faith.

■ Fourth: If a proposed statement of facts is filed in good faith and with an intent that it be a full and complete record of the material facts, matters, and proceedings theretofore occurring in the cause, any or all of items "a" to "j", in whole or in part, may be inserted in the proposed statement of facts if the judge settling the statement of facts is convinced that they are material to the appeal. *State ex rel. Larpenteur v. Superior Court*, 183 Wash. 252, 48 P. (2d) 205 (1935); *Livermore v. Northwest Airlines*, 6 Wn. (2d) 1, 106 P. (2d) 578 (1940).

■ Fifth: We are not impressed with the argument on behalf of the respondent judge by his counsel, that somewhere in the additional 106 pages which would have to be inserted in the proposed statement of facts to include the items referred to (still excluding the closing arguments of counsel on both sides) there might be found somewhere some statement by the defendant or its counsel that induced an erroneous ruling (invited error) now complained of or some statement or admission which should preclude de-

fendant from urging some specific assignment of error. This argument, carried to its logical conclusion, would require that everything an appellant or his counsel said in court from the beginning of the litigation to the entry of the judgment, including all post-trial motions, be made part of the statement of facts. A party is not required to embody in his proposed statement of facts a transcript of the reporter's notes taken on the trial. If there are such statements or admissions in the record which should be included in the proposed statement of facts, it should be possible to point them out with some degree of particularity. *State ex rel. Roberts v. Clifford*, 55 Wash. 440, 104 Pac. 631 (1909); *State ex rel. Larpenteur v. Superior Court, supra; Livermore v. Northwest Airlines, supra.*

To these five observations should be added the comment that it is not intended by this opinion to add anything to the duties or responsibilities of trial judges in certifying statements of facts. It is written to cover the almost unique situation in which a trial judge has become personally concerned about the adequacy of the statement of facts and desires to have such material as items "a" to "j", or some parts thereof, added thereto.

We have said that we will not require a judge to certify that which is not true. *Livermore v. Northwest Airlines, supra.* Nor will we require him to certify as true matters concerning which he has a *justifiable uncertainty*. It is, however, his duty to indicate what amendments or additions will remove that uncertainty, and he

". . . may not say he does not know, and only can know when the entire transcript of the evidence and proceedings as taken by a stenographer at the trial are embodied in the statement as a part thereof." *State ex rel. Roberts v. Clifford, supra.*

The trial judge in the present case could be compelled to certify that the proposed statement of facts was served on the adverse party and was filed with the clerk of the superior court on July 2, 1954, and that no amendments were proposed thereto within ten days thereafter. He would then

be stating only what he knows to be true. The party appealing is entitled to such a certificate, and under such circumstances we would deem that the proposed statement of facts had been agreed to by the adverse party. Rule on Appeal 36, *supra*. However, the relator here does not seek to compel the trial judge to sign such a certificate, but seeks the execution of a certificate stating that the proposed statement of facts "contains all the material facts, matters and proceedings heretofore occurring in said cause, and not already made a part of the record therein."

The judge is not bound by the failure of the adverse party to propose amendments. Before certifying that all the material facts, matters, and proceedings theretofore occurring in a cause are embodied in the proposed statement of facts, he can insist, not that the entire transcript of the evidence and proceedings be embodied therein, but that it be amended to contain everything that he has some justifiable reason to believe is material to the appeal. *State ex rel. Snook v. Jurey*, 101 Wash. 1, 171 Pac. 1014 (1918). Even under Rule on Appeal 34(4), 34A Wn. (2d) 37, which relates to appeals in which the parties are agreed as to what is material, the judge can direct such additions as he deems necessary to present fully the questions to be raised on the appeal.

During the proceedings with reference to certification of the statement of facts, counsel for the relator made this offer:

". . . if the court feels that any material fact, matter or proceeding has not been included in the statement of facts which has been served and filed, I will prepare if the court directs me to, and tells me what material facts, matters and proceedings have been omitted—I will prepare those things which the court states are material for inclusion in the statement of facts."

This was an offer, as we understand the record, to add items "a" to "j", inclusive, to the statement of facts, or so much thereof as the court deemed material. The judge then said:

"Then I think we come squarely to the Falk v. Stienback case, 30 Wn. (2d) 62, where Judge Wilkins did that very

thing and certified the statement and the supplement as containing all the material facts, matters and proceedings, and they held it couldn't be done."

In our opinion, the offer should have been accepted as to any items which the court had any reason to believe should be included in the statement of facts. It would seem that the present impasse is due to a misunderstanding of the holding in *Falk v. Stienback,* 30 Wn. (2d) 62, 190 P. (2d) 747 (1948). An analysis of the situation there shows that the case turned on the failure to file a proper statement of points, *i.e.,* there was a defect in one of the jurisdictional steps. There the appellants sought only to raise the issue of failure to dismiss for want of prosecution and the issue of the refusal of the trial court to permit a trial amendment setting forth the affirmative defense of laches. It was an appeal on a short record, and the statement of facts contained none of the respondents' testimony and only so much of the appellants' testimony as went to the issue of whether the appellants had been prejudiced by the delay. The statement of points raised those issues but also set forth one which read (p. 66):

"(5) That the trial Court erred in denying appellants' motion for judgment notwithstanding the verdict, or in the alternative for a new trial."

Pursuant to that point, the appellants could have assigned error on any ruling made prior to, during, or at the trial, or could have argued the insufficiency of the evidence to sustain the verdict. Obviously, the proposed statement of facts was totally inadequate for an appeal of such scope. The appellants, realizing that their fifth point was much broader than the issues they intended to raise thereby, filed an amended statement of points limiting the reasons on which they urged that the trial court had erred in denying the motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, to three: (1) failure to dismiss for want of prosecution; (2) failure to dismiss because of laches; (3) the trial court's denial of the motion for a trial amendment setting forth the affirmative defense of laches.

It was to meet the issues raised by the statement of points as thus amended that the trial judge in that case directed the appellants to supplement the proposed statement of facts by adding the testimony of the respondents, which was done, and the trial judge then certified the statement of facts. *This court did not hold that the record could not be supplemented as directed by the trial judge in that case, and it would have been entirely proper to so supplement the record had the amended statement of points been timely filed.* We there held that the statement of points required under Rule on Appeal 34(4), *supra*, was jurisdictional and could not be amended after the filing period had elapsed; hence the original statement of points was the only one before the court; and the proposed statement of facts (even as supplemented) was clearly inadequate so far as the original statement of points was concerned.

We do not regard that case as being in any way decisive of the one now before the court, nor as preventing the trial judge from directing the amendment, correction, and supplementation of a proposed statement of facts filed in good faith.

Because the amendment of the proposed statement of facts as thought necessary by the trial court, and its ultimate certification as amended, were prevented by the misinterpretation of our holding in *Falk v. Stienback, supra*, we are loath to make an extended examination of items "a" to "j", inclusive, to determine whether the trial judge had a justifiable reason to believe that any of them should have been added to the proposed statement of facts. We therefore decline at this time to issue the peremptory writ requested, and direct the return of the proposed statement of facts to the superior court in order that there may be further proceedings looking to its certification. We direct that the trial judge designate the particulars wherein the statement of facts as proposed is deficient, to the end that counsel for the relator may know what is required. See *State ex rel. Snook v. Jurey, supra*. The relator having made known its assignments of error by filing its brief on the appeal while the de-

termination of its application for a writ of mandate in the proceeding now before the court was still pending, the solution of any problems relating to the necessity for the inclusion of all or any of items "a" to "j", inclusive, should not present further difficulty.

Writ denied.

GRADY, C. J., and WEAVER, J., concur.

DONWORTH, J., concurs in the result.

SCHWELLENBACH, J. (concurring in part and dissenting in part)—I concur with the majority that the proposed statement of facts was timely served and filed and was filed in good faith; that the adverse party on whom it was served did not propose any amendments within ten days after such service.

I believe that we should direct the trial judge to certify that the matters and proceedings embodied in the statement of facts are matters and proceedings occurring in said cause, and the same are made a part of the record therein. He should further certify that the same contains such facts, matters, and proceedings theretofore occurring in the cause and not already a part of the record therein, as the parties have agreed to be material therein.

Such a certificate would comply with Rule on Appeal 37, 34A Wn. (2d) 40, and it would not require the trial judge to certify to any uncertain matter.