51 Wn.2d 1 (1957)
314 P.2d 930
In the Matter of the Application for a Writ of Habeas Corpus of MAURY GRADY, Petitioner,
v.
MERLE E. SCHNECKLOTH, as Superintendent of the State Penitentiary, Respondent.[1]
No. 34064.
The Supreme Court of Washington, Department One.
September 5, 1957.
John R. Stair, for petitioner.
The Attorney General and Michael R. Alfieri, Assistant, for respondent.
FOSTER, J.
Petitioner, now serving a term in the penitentiary for the crime of robbery, invokes the original jurisdiction of this court in habeas corpus upon the sole ground that Griffin v. Illinois, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585, requires the state to furnish him, free, a stenographic transcript of the entire proceedings at his trial for his proposed statement of facts on appeal. The Illinois law required the complete trial minutes as a prerequisite to appeal, but that is not so here. No showing is attempted of any necessity for such a statement of facts. In fact, no claim of necessity is made. The unequivocal basis is that Griffin v. Illinois, supra, compels it. We do not agree.
The petitioner, after trial in which he was represented by a lawyer experienced in criminal procedural law and a former prosecuting attorney of Thurston county, was convicted of the crime of robbery.
Without the assistance of counsel, however, on February 5, 1955, petitioner himself appealed to this court by timely filing a notice of appeal. Thereafter, on June 20, 1955, appellant was granted an extension of time to August 1, 1955, within which to file his brief on appeal, which was again extended to September 1, 1955. Moreover, the chief justice, by order of May 5, 1955, authorized the appeal in forma pauperis and dispensed with the necessity of printed briefs, and authorized typewritten briefs pursuant to Rule on Appeal 47, 34A Wn. (2d) 53.[2]
*3 The petitioner himself prepared a narrative statement of facts, but did not serve it upon the prosecuting attorney or file it in the trial court as required by Rule on Appeal 46(4), 34A Wn. (2d) 51. Instead, the petitioner mailed the narrative statement of facts to the chief justice, who returned it promptly to the petitioner, then in the King county jail, and advised him that it was inadequate because it had not been served, filed in the trial court, or certified by the trial judge. The subsequent whereabouts of that narrative statement of facts is not explained, but for aught that appears herein or in the petitioner's appeal, it may have been adequate for any point the petitioner then or now intended to raise in his appeal. In any event, however, it is certain that, if it were not adequate, it could have been made so under then existing appellate procedure.
Appellant did nothing further with his appeal. In fact, the only thing filed was the notice of appeal, which was transmitted to this court on February 8, 1955. On November 1, 1955, one hundred seventy days after entry of judgment, the clerk notified petitioner the matter would be placed on the motion docket for dismissal pursuant to Rule 46(11), 34A Wn. (2d) 52, as amended effective March 1, 1954, which is as follows:
"If, upon the expiration of one hundred seventy (170) days after the entry of judgment, unless the time for certification of the statement of facts or serving and filing of appellant's briefs has been extended by the Chief Justice, the record is not made or fee not paid, all as required by this rule, the clerk of the supreme court shall give three days notice by mail to appellant's attorney of record, or if he is *4 not represented by an attorney, then to the appellant at his last known address that he will note the cause upon the calendar of the supreme court for the next motion day as being a cause subject to dismissal, and the supreme court shall dismiss the cause."
On November 4, 1955, the appeal was dismissed. A year later, on November 9, 1956, petitioner filed this habeas corpus proceeding.
There was no impediment to the perfection of petitioner's appeal, but he voluntarily abandoned it. Instead of serving and filing his proposed narrative statement of facts so that it might be certified and thereafter used by him in his then pending appeal, petitioner applied to the trial judge under RCW 2.32.240,[3] for a complete statement of facts as a pauper.
The authorization of a statement of facts at public expense is wisely left to the trial court, which, in the exercise of its judicial discretion, denied petitioner's application therefor by letter dated April 12, 1955 (set out in full in Appendix A). In his letter to the chief justice requesting authorization to proceed in forma pauperis, the only error claimed by the petitioner was that he had been "misidentified". It is *5 abundantly clear that this, likewise, was the only claim advanced to Judge Roney in petitioner's application for a free statement of facts. Judge Roney points out there were two witnesses who positively identified petitioner as the robber, and that the jury's verdict is conclusive upon a dispute of fact which is not reviewable upon appeal. Petitioner does not claim any other error.
No claim is made then or now that Judge Roney abused his discretion. Had such a claim been made, the trial judge's action could have been cheaply and summarily reviewed here. In re Mason v. Cranor, 42 Wn. (2d) 610, 257 P. (2d) 211.
Griffin v. Illinois, supra, does not require more, for the supreme court there said:
"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases."
[1] Upon showing of good cause, RCW 2.32.240 vests in the trial court authority to order a complete statement of facts at public expense, Petitioner applied therefor under that statute, which application, however, was denied. It is abundantly clear from Judge Roney's letter (Appendix A) that the trial court exercised a proper judicial discretion, and the petitioner does not claim otherwise.
We are not told what errors petitioner claims occurred at his trial except a dispute of fact upon which the verdict is conclusive. He did not file a statement of points upon which he intended to rely so that he might appeal upon a short record. What is more significant, no claim is made that any such error could be properly reviewed upon a narrative statement of facts.
Petitioner's only argument is that he is entitled to a free statement of facts as a matter of right upon the authority of the Griffin case. The same argument was rejected in People v. Lumpkin, 158 N.Y.S. (2d) 610, 611:
*6 "This Court does not understand the Griffin decision, supra, to mean that an indigent defendant must be given a transcript of the minutes any time he asks for them. For what purpose does he want them? What legal remedy does he desire to enforce? Certainly he should not be given the minutes merely because it might make interesting reading for him."
Indeed, the supreme court of North Dakota in State v. Moore (N.D.), 82 N.W. (2d) 217, 220, reached a similar conclusion:
"If he makes a reasonable showing that he has to have a complete transcript to prepare his appeal, Sec. 27  0606, NDRC 1943, authorizes the court to order a transcript at the expense of the county."
Had petitioner made any showing of a necessity for a full copy of the minutes of his trial to be proposed by him in his statement of facts, the trial court would have ordered it, and if refused, such action could have been reviewed here.
[2] The supreme court of North Dakota in State v. Moore, supra, aptly stated the controlling principle in the following paragraph:
"The requirement, therefore, that an indigent defendant in his application to the court for a transcript, to be prepared at public expense, make some showing that the proceedings, upon which he asserts error, cannot be made a part of the record upon appeal without such transcript, is a reasonable one and does not discriminate against the defendant or deny his equal protection of the law."
This is a complete answer to all claims that an indigent defendant is entitled to a free statement under Griffin v. Illinois, supra.
Moreover, an appeal can be taken without a complete record under Rule on Appeal 34(3), 34A Wn. (2d) 36,[4] by *7 filing a concise statement of the point or points on which appellant intends to rely. The statement of facts then needs only be a narrative of so much of the evidence as may be necessary to consider the points specified.
[3] There is another and further complete answer to appellant's claim. This state has never required the statement of facts on appeal to contain a stenographic transcript of the entire evidence taken at the trial. Rule on Appeal 46 (13), 34A Wn. (2d) 50, 53, dealing with appeals in criminal cases, makes the civil procedure applicable to criminal appeals. The present law with respect to statement of facts is found in Rules on Appeal 34, 35, 36 and 37, 34A Wn. (2d) 36-40.[5] The prior statutes are Rem. Rev. Stat., §§ 388, 389 and 391.
Livermore v. Northwest Airlines, 6 Wn. (2d) 1, 106 P. (2d) 578, is a complete exposition of the procedural law respecting a statement of facts. We there said specifically, "A party applying for a settlement of a statement of facts cannot be compelled to furnish a transcript of the reporter's notes." We further said, "The statement of facts may be narrative form, and need not be in the form of a verbatim reproduction of all that transpired during the trial of the cause." In Palin v. General Constr. Co., 45 Wn. (2d) 721, 277 P. (2d) 703, the court again reiterated the statement in the Livermore case, "A party is not required to embody in his proposed statement of facts a transcript of the reporter's notes taken on the trial."
[4] A proposed statement of facts is deemed agreed to if no amendments are proposed within ten days after service and filing. If a narrative statement of facts is filed in good faith, the trial court may be compelled by this court's mandate to certify it.
[5] A trial judge is not required to certify any statement which is untrue, but with respect to a proposed statement of facts filed in good faith to which he does object, *8 he must indicate what amendments are necessary to make it correct, and he cannot escape this responsibility by saying that he does not know. In Palin v. General Constr. Co., supra, we reiterated what was said at an earlier day as follows:
"`[The trial judge] may not say he does not know, and only can know when the entire transcript of the evidence and proceedings as taken by a stenographer at the trial are embodied in the statement as a part thereof.' State ex rel. Roberts v. Clifford, ... [55 Wash. 440, 104 Pac. 631]"
A stenographic transcript of the reporter's notes of the evidence taken at the trial is unnecessary in any case, civil or criminal. Thus the very basis of the Griffin case is completely and entirely absent. A narrative statement satisfies every requirement in that decision, and, moreover, if an appellant specifies the point or points which he desires to present on appeal, he may go up on a short record which also may be in narrative form. If a complete record is required on appeal, a convicted defendant has only to show a reason therefor, whereupon the law authorizes the trial court to order it at public expense.
We find no basis for the petitioner's assumption that he has been denied rights guaranteed by the equal protection and due process clauses to the fourteenth amendment to the Federal constitution, and the petition is, therefore, dismissed.
HILL, C.J., DONWORTH, FINLEY, and ROSELLINI, JJ., concur.

APPENDIX A

April 12, 1955
Mr. Maury Grady
County Jail
Tenth Floor, County-City Building
Seattle 4
Dear Mr. Grady:
Re: State v. Grady, No. 28843
Your letter of March 22, 1955, which I prefer to treat as an informal application for public funds to secure a trans-script *9 on appeal in the above entitled cause, has been referred by the Presiding Judge to the undersigned.
I have reviewed the entire file, including my own rather copious notes, and can find no meritorious grounds for appeal or that any injustice was done in the case of your defense. Mr. Levy Johnson, Sr., a reputable member of the Bar of the State of Washington and an experienced lawyer, defended your cause. I have, subsequent to the trial, discussed the matter with him, as well as with the deputy prosecuting attorney Mr. John Lycette, and neither of those gentlemen have pointed out any error, injustice, or prejudice in the defense of your cause and trial.
I am not unmindful of your contention that the matter of your "identification" was questionable under the evidence; however the two victims positively identified you, as well as a third and disinterested party. The jury were warranted in believing this character of evidence.
On February 20, 1955, you addressed a communication to me in which you contended that you had positive evidence that a man, whom you did not name, "claimed" to have "committed the robbery I have been convicted of," and you further advised me that this man's physical description fitted that of the McGovern's description. I replied to this letter advising you to turn the information over to the prosecuting attorney for investigation, subsequent to which, and as of last week, I received your undated letter with enclosure advising me "I know now for certain that if this man were guilty, Mr. James would have never stopped until he had proven the man guilty." Therefore, the evidence adduced at the trial in respect to your "identification" stands undisputed and the Supreme Court could not, under the jury verdict, reverse the cause.
So far as I have been informed, your only contention against the verdict is that you were misidentified. Inasmuch as the Supreme Court is bound by the record in the case, as well as this trial department, and the jury having rendered a valid verdict under the evidence and instructions as given by the court, I can find no purpose or good reason to expend public funds for a transcript of the evidence.
*10 The record reveals that you did apply to the Chief Justice of the Supreme Court in forma pauperis under Rule 47, concerning which I advised you by letter on February 1, 1955. From a reading of the letter to you from Judge Hamley, who was then Chief Justice, I interpret it to mean that the Supreme Court denied your application, but suggested that you apply to the Superior Court, and I have so treated and considered your petition of March 22, 1955. Under the evidence in this case and the law, I must exercise my discretion unfavorable to your petition for public funds.
You are therefore and hereby advised that your petition for the preparation of a transcript of the evidence on appeal in forma pauperis at the expense of public funds is hereby denied.
 Very truly yours,
 WARD RONEY (s)
WR: b Ward Roney
February 28, 1958. Petition for rehearing denied.
NOTES
[1] Reported in 314 P. (2d) 930.
[2] "When the defendant is the appellant in an appeal to the supreme court in a criminal case and shall present to the Chief Justice of the supreme court satisfactory proof by affidavit or otherwise that he is unable to pay the filing fees in such court, the Chief Justice, if in his opinion justice will thereby be promoted, may order the filing of the appeal in this court without cost to the appellant.

"Upon like proof that such appellant is unable to pay the expense of printing his brief, or briefs, the Chief Justice may also order the same to be typewritten in compliance with Rule 42 (1)(c).
"Proposed statements of facts in cases wherein the death penalty has been imposed shall, when the appeal is prosecuted in forma pauperis, be furnished to appellant at the expense of the county."
[3] "When shorthand notes have been taken in any cause as provided in RCW 2.32.180 through 2.32.320, if the court, or either party to the suit or action, or his attorney, request a transcript of the notes into longhand, the official reporter shall make, or cause to be made, with reasonable diligence, full and accurate typewritten transcript of the testimony and other proceedings, which shall, when certified to as hereinafter provided, be filed with the clerk of the court where such trial is had for the use of the court or parties to the action. The fees of the reporter for making such transcript shall be fifteen cents per folio of one hundred words for the original copy, and five cents per folio for each carbon copy ordered before the original is made or made at the same time as the original; and when such transcript is ordered by any party to any suit or action, said fees shall be paid forthwith by the party ordering the same, and in all cases where a transcript is made as provided for under the provisions of RCW 2.32.180 through 2.32.320 the cost thereof shall be taxable as costs in the case, are taxed: Provided, That when the defendant in any criminal case shall present to the judge presiding satisfactory proof by affidavit or otherwise that he is unable to pay for such transcript, the judge presiding, if in his opinion justice will thereby be promoted, may order said transcript to be made by the official reporter, which transcript fee therefor shall be paid out of the county treasury as other expenses of the court are paid."
[4] "(Appeal on short record.) On any appeal or other proceeding for review, in any criminal cause, or in any civil cause whether cognizable at law or in equity, so much of the evidence as bears upon the question or questions sought to be reviewed may be brought before this court by a statement of facts without bringing up the evidence bearing on rulings on which no error is assigned. If the appellant does not include in his statement of facts the complete record and all the proceedings and evidence in the cause, he shall serve and file with such proposed statement of facts a concise statement of the points on which he intends to rely on the appeal."
[5] The rules supersede prior statutory enactments under Laws of 1925, Chapter 118. However, the rules are substantially the same as the prior statutory law.