[No. 1869.   Decided January 20, 1896.]

THE STATE OF WASHINGTON, *on the Relation of* GEORGE MILES, v. SUPERIOR COURT OF SPOKANE COUNTY AND NORMAN BUCK, *Judge thereof.*

MANDAMUS—TO COMPEL SETTLEMENT OF STATEMENT—STENOGRAPHER'S NOTES.

Mandamus to compel a judge to settle a statement of facts will not lie, when he has not refused to settle same, but has continued the matter until he could have an opportunity to examine the statement and the objections thereto.

The notes taken by a stenographer are not a part of the record in a cause, and an appellant cannot be required to furnish a copy of them.

*Original Application for Mandamus.*

*Plummer & Thayer*, for relator.

*J. W. Feighan*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This is an application for a writ of mandamus to compel the respondent to settle a statement of facts in the case of The State *v.* George Miles. The petition shows that a proposed statement had been filed by the relator and that no amendment had been offered thereto, but that the judge had refused to settle the same, and it is contended that such refusal was based upon the ground that the relator had not ob-

tained a copy of the stenographer's notes taken upon the trial of said cause, and the prosecuting attorney who appeared for the state in said action contends that it was necessary for the relator to obtain a copy of said notes and present a full transcript thereof in said proposed statement, and he further contends that the statement proposed was so defective and incomplete as to warrant the court in refusing to act upon it at all. The judge, however, in his return makes no finding as to the character of the statement offered, but certifies in substance that he had not acted thereon for want of time to consider the same, and that he had not refused to settle the statement in said action. He further contends that at the time said statement was presented to him for settlement he was engaged in the trial of another action, and that instead of refusing to settle the facts to be used upon said appeal, he informed the attorney for the relator that he was unable to say at that time whether the statement was correct or not, and he continued the matter until he could have an opportunity to examine the same, and the objections made thereto.

Under this state of facts, the writ should not issue, for there was no refusal upon the part of the court to act upon the statement proposed, nor to consider the objections urged against the same upon the part of the state. We may say, however. that we are of the opinion that the relator cannot be required to furnish a copy of the stenographic notes. The stenographer was not an officer of the court, and the notes taken were not a part of the record in the cause, and there would be no means of compelling him to furnish a copy of the same.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.