[No. 25807. Department Two. August 21, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Ray Larpenteur, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Leo J. Brand* and *Tucker & Tucker,* for relator.

*Roberts & Skeel* and *W. R. McKelvy,* for respondents.

[1]Reported in 48 P. (2d) 205.

STEINERT, J.—A petition for writ of mandate was filed in this court to compel the superior court to certify a proposed statement of facts, or, in the alternative, to institute proceedings necessary to determine and certify a correct statement. The defendant has demurred to the petition on the ground that it does not state facts sufficient to constitute a cause requiring the issuance of the order prayed for. By stipulation of the parties, the files in the cause below have been transmitted to this court for consideration upon the hearing of the petition and demurrer. We shall, therefore, determine the matter on the merits, as presented, without the formality of any further return by the superior court.

The facts are these: Ray Larpenteur, a minor, who will hereinafter be referred to as plaintiff, commenced an action, through his guardian *ad litem*, against Eldridge Motors, Inc., referred to herein as defendant, to recover damages for personal injuries resulting from a collision between plaintiff's bicycle and defendant's automobile. Upon a trial by jury, plaintiff was awarded a verdict in the sum of one thousand dollars. Defendant interposed a motion for judgment notwithstanding the verdict and also a motion for new trial. The court denied the motion for new trial but granted the motion for judgment notwithstanding the verdict.

Upon entry of judgment dismissing the action with prejudice, the plaintiff gave notice of appeal and furnished the required cost bond. In due time, plaintiff filed his proposed statement of facts in narrative form. The defendant proposed no amendments, but moved to strike plaintiff's proposed statement on the ground that it did not contain a true and correct record of the testimony in the case, and on the further ground that it was not a record made by the court reporter, but was simply a summary prepared by counsel.

After hearing the motion, the court rendered a memorandum decision pointing out certain defects in the proposed statement, particularly certain inaccuracies in the testimony, the absence of identification of certain exhibits, and the absence of the exceptions taken by both counsel to the giving, and the refusal to give, certain instructions. The court stated in its memorandum decision that plaintiff would be given the opportunity to amend his proposed statement of facts by setting forth the matters indicated by the court as being necessary.

The plaintiff then submitted his proposed amendments, covering corrections of the testimony, the identification of exhibits, and his version of the exceptions. The matter was then brought before the court for certification of the statement of facts as amended. Defendant offered no amendments, but renewed its objections to the statement on the ground that the evidence was incomplete, and on the further ground that the exceptions were not expressed in their true, specific form.

It appears that the evidence had been taken down by reporters employed by the defendant, and that plaintiff had borne no part of the expense. It further appears that defendant was willing to let plaintiff have access to the reporters' notes, provided that plaintiff should have them transcribed in their entirety and pay the cost thereof. Plaintiff was unable financially to do this, but was willing to pay the cost of having the complete exceptions transcribed. This the defendant, in turn, refused to permit unless plaintiff paid for the transcription of the entire record.

Upon the hearing before the court, defendant called one of the reporters as a witness, and he testified that he had compared the proposed form of exceptions with his original notes and had found that the proposed

form of several of the exceptions did not correspond with the original exceptions as reported by him. After further argument of counsel, the court indicated that the statement of facts as amended was substantially correct, so far as the evidence was concerned, but that it did not properly set forth the exceptions to the instructions, given and refused. Because of that particular defect, the court refused to certify the statement. The plaintiff then applied to this court for a writ of mandate, as already stated.

The question before us is narrowed by the particular facts involved. It will be kept in mind that the trial court has indicated that the statement of facts, so far as the evidence is concerned, is substantially correct, and that the only defect therein is that the exceptions to the instructions do not appear in the statement as they were originally taken by the reporter.

■ A party applying for settlement of a statement of facts cannot be compelled to embody therein a transcript of the reporters' notes taken on the trial. *State ex rel. Miles v. Superior Court*, 13 Wash. 514, 43 Pac. 636; *State ex rel. Roberts v. Clifford*, 55 Wash. 440, 104 Pac. 631; *Mattocks v. Great Northern R. Co.*, 94 Wash. 44, 162 Pac. 19; *State v. Evans*, 145 Wash. 4, 258 Pac. 845.

It is the duty of the court, under the statute, to determine whether a proposed statement of facts is sufficient; and when it determines that the statement is sufficient, the court should certify such statement. If, on the other hand, in the judgment of the court the statement does not meet the requirements of the statute, in that material facts and matters are omitted therefrom, the court should order their insertion and, when so inserted, should make its certificate accordingly. *State ex rel. Roberts v. Clifford*, 55 Wash. 440, 104 Pac. 631.

This rule in no way trenches upon an equally well-settled rule, to which we still adhere, that a party proposing a statement of facts may not, designedly or through inadvertence, cast upon his opponent the burden of furnishing any considerable portion of a statement through proposed amendments. *State ex rel. Fowler v. Steiner,* 51 Wash. 239, 98 Pac. 609; *State ex rel. Hofstetter v. Sheeks,* 63 Wash. 408, 115 Pac. 859; *State ex rel. Snook v. Jurey,* 101 Wash. 1, 171 Pac. 1014.

Nor does the rule first stated require the court, of itself, to point out the defects in the proposed bill or statement of facts, unless it be in an instance where the court alone is the objector. The court may call to its assistance the opposing party and have him point out the defects, relying, however, upon its own memory of the evidence when the parties cannot agree. *State ex rel. Baer v. Superior Court,* 152 Wash. 407, 278 Pac. 169. The court may even subpoena third parties, possessed of the requisite information, to testify concerning the facts. *Hallam v. Tillinghast,* 19 Wash. 20, 52 Pac. 329; *State ex rel. Griffith v. Superior Court,* 71 Wash. 386, 128 Pac. 644.

In this case, the court apparently had no difficulty with the statement of facts, so far as the evidence was concerned. The court pointed out certain defects and indicated that, if they were remedied, the statement would be sufficient. In all respects but one, and in so far as it was reasonably possible, the defects were remedied by plaintiff.

The only difficulty that either the court or the plaintiff had was with respect to the form of the exceptions. It is not at all strange that the court did not remember their exact language or even their purport. Indeed, it would have been an unusual case had the court remembered them exactly or accurately. The same might

be said for plaintiff. But the court had at ready command two avenues of assistance. It could have required the opposing party to supply the information, if in its possession, the court relying, however, upon its own memory, thus refreshed, as to the correctness thereof. Or the court could have subpoenaed the court reporter to testify. It would not have required very much time, nor much expense to anyone, to have done that. In fact, one of the reporters was already before the court, brought there by the defendant itself. The plaintiff manifested entire good faith in the matter, even to the point of offering to pay for having the exceptions transcribed.

In our opinion, the court should take the necessary steps, as hereinbefore indicated, to determine the purport and substance of the exceptions, to be added to the statement of facts as proposed by the plaintiff, unless the defendant shall, in the meantime, propose amendments to the statement, and, in either event, should finally settle and certify the statement.

A peremptory writ to that effect will issue.

TOLMAN, HOLCOMB, BLAKE, and MITCHELL, JJ., concur.