[No. 27913. Department Two. February 8, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Simcoe Sheep Company et al., Plaintiff,* v. THE SUPERIOR COURT FOR YAKIMA COUNTY, *Arthur McGuire, Judge, Respondent.*[1]

[1]Reported in 98 P. (2d) 977.

*Hubbert & Mullins,* for relators.

*Richards, Conklin & Delle,* for respondent.

BEALS, J.—During the month of December, 1934, an action was instituted before the superior court for Yakima county by Federal Intermediate Credit Bank of Spokane, as plaintiff, and Simcoe Sheep Company, a corporation, Guaranty Trust Company, a corporation, and others, as defendants. The action was based on several promissory notes executed by Simcoe Sheep Company, plaintiff asking judgment on the notes, together with the foreclosure of a chattel mortgage on certain sheep securing the same. Later, Polonio Allarbe, the members of the partnership of Ragan & Dunnett, Wool Growers Service Corporation, a corporation, and other individuals were made additional parties defendant. In due time, Wool Growers Service Corporation was substituted as party plaintiff for the original plaintiff above named.

The defendant Guaranty Trust Company had asked for the foreclosure of a mortgage on the sheep; the

substituted plaintiff in due time acquired this mortgage, and Guaranty Trust Company was dismissed from the action. Meanwhile, a general receiver had been appointed for Simcoe Sheep Company, some sheep were sold under order of the court, and the sale regularly confirmed. The original plaintiff was made a party defendant, and two other individual defendants were dismissed from the action, they having assigned to the substituted plaintiff the mortgage which they owned on the sheep. The substituted plaintiff filed an amended and supplemental complaint, stating three causes of action for the foreclosure of three mortgages. Simcoe Sheep Company and Mr. Allarbe filed separate answers to the amended complaint, alleging fraud and conspiracy and cross-complaining against some of the defendants.

Some proceedings in the action were had before the Honorable A. W. Hawkins, judge of the superior court for Yakima county. Judge Hawkins died before the action was ready for hearing on the merits, and January 31, 1938, the case was called for trial before Honorable Arthur McGuire, as a visiting judge. The trial lasted over thirty days, in the course of which an extremely voluminous and complicated record was accumulated. Final decision of the case was much delayed, and December 10, 1938, the trial court signed a decree in favor of the plaintiff. Simcoe Sheep Company, Mr. Allarbe, and another defendant moved for judgment in their favor notwithstanding the decision, or in the alternative for a new trial, which motions were denied by order filed December 22, 1938. Simcoe Sheep Company gave notice of appeal from the judgment, as did defendant Allarbe. Cost bonds were seasonably filed, and jurisdiction of the appeals apparently vested in this court.

The appellants, desiring to propose a statement of

facts or bill of exceptions, instructed the official court reporter to prepare a transcript of her notes, excluding certain matters which appellants deemed immaterial. After completing three volumes of the evidence, each volume containing over 250 pages, the reporter fell ill and was unable to continue the work. Appellants finally procured the services of a lady who was able to read the reporter's notes, and she read the untranscribed portion to appellants' counsel, who prepared therefrom an additional volume in narrative form. The four volumes were filed in the office of the clerk of Yakima county, March 22, 1939, as appellants' proposed statement of facts. Amendments were proposed by the plaintiff (respondent on the appeal) and some of the defendants who had filed cross-complaints in the action. Appellants state that they made no objection to the specific amendments proposed, save as to testimony taken before Judge Hawkins, which appellants contend was not a part of the trial evidence, and to the addition or substitution of one word in their proposed statement of facts.

Much dispute arose concerning the certification of the statement of facts. It is evident that court and counsel devoted considerable time and effort to the matter; and finally, May 1, 1939, the trial court filed a memorandum opinion stating that the appellants had attempted to condense in 248 pages from one-half to two-thirds of the trial record, and that the court was dissatisfied with that portion of the proposed statement of facts, believing that the same was, in places, inadequate and inaccurate; that the testimony of many witnesses was omitted entirely; and that, as to the evidence concerning the issue of fraud, raised by the pleadings, and concerning which much evidence was introduced, the proposed statement was insufficient to enable the appellate court to properly review the evi-

dence. In the course of the memorandum opinion, the trial court stated:

"When we consider the matters to which cross-complainants say they are limiting their appeal, it seems to me that all of the record is necessary. I am of the opinion the supreme court will not have a picture of this case without a full record."

After the filing of the memorandum opinion, the appellants applied to this court for an alternative writ of mandate requiring the trial court to certify the statement of facts. An alternative writ having been issued, the matter came on regularly for hearing, appellants' application being denied.

Thereafter, December 13, 1939, the trial court signed an order requiring the completion of the proposed statement of facts by the addition thereto of certain matters specified in the order, the objections of the respondents on the appeal to the proposed statement of facts as filed being sustained. Prior to the signing of this order, the trial court wrote to the attorneys for the respective parties a letter stating the ruling on the matter which the court contemplated making. The letter is in form a memorandum opinion, and states:

"This is my decision that the order as proposed by plaintiff requiring the proposed amendments and compliance with the objections of the parties adverse to appealing defendants be made by the court, being inclusive of the testimony now proposed but omitted from the original proposed amendments as to the testimony taken before Judge Hawkins hereinbefore referred to.

"The order will be prepared and submitted to the court for its execution."

December 30, 1939, the appellants filed herein their application for an order to show cause why a writ of certiorari should not be issued, bringing before this court for review the trial court's order of December

13th. An order to show cause having been issued, the trial court (the respondent in this proceeding) made a full return, and the matter was regularly argued and submitted to the court for decision on the merits.

Relators herein, after a lengthy statement of the history of the matter, argue that the order now before us for review should be reversed.

In the first place, relators contend that the order of December 13, 1939, was signed without any notice to them or their counsel. Relators allege that, on the day following the entry of this order and immediately upon learning thereof, relators' counsel appeared before the trial court and protested against the entry of the order, because they had not received at least three days notice of the presentation thereof.

In the letter which the trial court addressed to counsel for the respective parties, the court directed that an order be prepared and presented. In this connection, it appears that, August 23, 1939, the respondents on the appeal served on relators' counsel a notice advising them that respondents would, on August 30th, present to the court their proposed order requiring relators to complete their proposed statement of facts. The notice served states that a copy of the order which they would ask the court to sign was also served. By stipulation, the hearing was continued to September 26th, on which date the parties appeared before the court. Relators' counsel objected to the signing of the proposed order, and the court listened to much argument *pro* and *contra*.

It is evident that the court, while expecting to sign the proposed order, took the matter under advisement for the purpose of further studying the record, naturally retaining possession of the proposed order prepared by the respondents. December 13th, the court signed the order (after writing counsel the letter above

referred to), simply striking out the date August and substituting December. Evidently, when writing the letter, the court overlooked the fact that the order, which the court signed without change, had been left in the file in the court's possession.

The matter had been submitted to the court for decision, and it does not appear that any further hearing was contemplated. The order signed was the same proposed order upon which the arguments of September 26th were based. Relators' counsel learned of the entry of the order the day after it was filed and made prompt objection, based, among other matters, upon the lack of notice of the fact that the court intended to sign it. The court refused relators any relief and allowed an exception to its ruling.

While relators complain of the fact that the order was signed without prior notice to them, they also assign many other errors which they argued at length, and in connection with which a voluminous record has been filed in this court. The court could, of course, when relators' counsel appeared before it and objected to the order, have vacated the same, heard counsel's argument, and then again signed the order. The order, having been left with the court, was not, after the argument, presented to the court by opposing counsel; but the court, having the order in its possession, and the order apparently embodying the ruling on the matter which the court finally determined to make, signed and filed the same. It would seem that the court possessed the inherent power to sign any order deemed appropriate after the matter had been finally submitted to the court for decision, after extensive argument. Possibly, relators might not be bound by the order until they had notice of its filing, but this notice they had the following day, and relators' objections to

the order then urged before the court, on the ground of lack of notice, were heard by the court.

It would seem an utterly vain and useless thing for this court to reverse the order as entered, for lack of notice, in which event no other questions argued in this proceeding could be considered, and send the matter back to the trial court, who could immediately re-enter the order, whereupon the other questions now before this court at this time would presumably be immediately again presented on another application for a writ of certiorari, all at expense of time, labor and money.

We hold that the order was valid and binding upon relators from the time they had knowledge of its entry.

■ Relators assign error upon the refusal of the trial judge to exclude from the statement of facts all testimony taken before Judge Hawkins prior to the trial on the merits. They also argue that the court erred in, as they contend, refusing to specifically point out the amendments offered by the respondents on the appeal, which should be allowed, and in failing to point out material evidence, if any, omitted from the proposed statement. They also urge that the court erred in refusing to certify the proposed statement, with the additions thereto proposed by the respondents on the appeal and not objected to by relators.

It is contended on behalf of relators that the proposed statement of facts or bill of exceptions contains all of the material evidence on the questions which they seek to review before this court. It is the position of respondent judge that the proposed statement does not contain all such material matters.

It must always be borne in mind, in considering such questions as those here presented, that the matter of the certification of a statement of facts or bill of exceptions rests peculiarly within the authority and dis-

cretion of the trial court. It is that court's duty to sign only a certificate which states the truth, and a trial judge would not be required by this court to sign a certificate which that judge maintains is not true and correct. If a dispute arises between the trial court and counsel as to what actually occurred during a trial, the matter may, by this court, be referred to some other judge, for the purpose of hearing evidence and determining the facts in connection with the matter in dispute, but no such question as that is here presented.

A trial judge, in settling a statement of facts or bill of exceptions, is not bound by any agreement of counsel for the respective parties, as such counsel might, either by collusion, indifference, or carelessness, agree that a proposed statement or bill is, in fact, complete, when such is not the fact, in which case it is the duty of the trial court to see that the statement is made complete, so that this court may hear the case on appeal upon the full record made before the court below. The trial court may, of course, and should, hear and consider the arguments of opposing counsel, in connection with the matter of the settlement of the statement of facts, but any stipulation entered into by the parties in connection with such a matter, or any admissions on the part of counsel, are no wise binding upon the trial court, but are advisory merely. The trial judge, who heard the evidence and is familiar with the entire proceedings in the cause, is in a far better position than anyone else to decide what the statement of facts or bill of exceptions should contain, and when it is complete or sufficient to enable this court to determine the matters to be presented on appeal. In deciding such questions, the sound discretion of the trial court will be reviewed by this court only in instances of manifest abuse.

In the case at bar, the trial court was extremely

patient in considering the statement proposed by relators, and in hearing arguments in connection therewith.

The order now before us for review allowed the proposed amendments submitted by the respondents to the appeal and directed relators to incorporate the same in the statement of facts. Relators were further ordered to include within their proposed statement of facts all of the testimony of several named witnesses, bearing upon certain matters specified in the objections filed. They were also required to make the deposition of one witness a part of the statement of facts.

We have carefully considered the record before us in the light of relators' arguments, both oral and written, and we are convinced that, in making the order of which relators complain, the trial court was well within the exercise of its sound discretion, and we find no suggestion of any abuse of such discretion.

Certainly, the inclusion of a written deposition within the statement of facts cannot harm relators; if the testimony of the witness is not material to issues presented to this court, relators cannot be injured; and if the testimony be material, it should be before us. The same is true as to any testimony taken before Judge Hawkins. If the trial court deems such testimony important, it should certainly be included within the statement of facts.

Neither can relators complain of being required to include within their proposed statement of facts the testimony of the witnesses named in the court's order. Relators are not required to incorporate the entire testimony of these witnesses, but only such testimony as bears upon several definite subjects referred to in the objections to relators' statement as filed.

We are mindful of the rule that no one should be required to accomplish the impossible, but here it ap-

pears that, with care and attention, relators may comply with the requirements of the trial court. In any event, as the record now stands before us, the order of which relators complain appears to be entirely reasonable, and clearly within the authority of the trial court to enter, in the exercise of its sound discretion, and in the performance of the duty which rests upon the trial court to see that a true and adequate statement of facts or bill of exceptions is prepared, which can be certified as true and sufficient, as the circumstances of the case may require.

The order brought before us for review is affirmed.

STEINERT, GERAGHTY, and JEFFERS, JJ., concur.

BLAKE, C. J., concurs in the result.

