[No. 34783.   Department One.   October 30, 1958.]

EINAR GLASER, *et al., Plaintiffs and Relators, v.* DWIGHT HOLDORF *et al., Defendants,* THE SUPERIOR COURT FOR MASON COUNTY, *Raymond W. Clifford, Judge, Respondent.*[1]

[1]Reported in 330 P. (2d) 1066.

*Wright & Wright* (*Layton A. Power,* of counsel), for relators.

*Byron E. McClanahan,* for respondent.

MALLERY, J.—This is an original action in mandamus to compel respondent trial court to certify relators' proposed statement of facts on their appeal.

Relators served notice of appeal and ordered a statement of facts from the court reporter, who refused to furnish it on the ground that he was unable to do so. He also refused to permit the use of his notes by another in an attempt to produce a transcript thereof.

Thereupon, the relators prepared a purported narrative statement of the trial proceedings from their own notes and submitted it to the trial court as a proposed statement of facts. Defendants did not propose any amendments within ten days as provided by Rule on Appeal 36, 34A Wn. (2d) 39, as amended, effective March 1, 1957, and merely objected to the certification upon the ground that the proposed statement of facts was not offered in good faith.

The trial court declined to certify the proposed statement of facts upon the ground that it was unable to do so without the aid of the court reporter's typewritten transcript of his notes. It held that a statement of facts in narrative form could not be proposed in good faith as a *complete record,* because at most it would constitute only a *short record* on appeal, which must be accompanied by a statement of points

under the purview of Rule on Appeal 34 (3), 34A Wn. (2d) 36.

Relators contend their proposed narrative statement of facts has become an agreed statement of facts and must be certified by the trial court under Rule on Appeal 36, *supra,* which provides that when no amendments are proposed, the statement of facts shall be deemed to be an agreed statement of facts.

While the defendants are no longer in a position to propose amendments to the proposed statement of facts or object thereto upon grounds other than that it was not proposed in good faith, we do not agree with the relators that the trial court *must* certify the proposed statement of facts for that reason.

The trial court is not bound by agreements of counsel if it knows the statement of facts is erroneous in some respect. *State ex. rel. Simcoe Sheep Co. v. Superior Court,* 2 Wn. (2d) 594, 98 P. (2d) 977. Nor is it bound by the contents of the reporter's notes. These are only an aid to the trial court in settling the statement of facts. The law presumes that the court remembers the evidence, and it may therefore require the insertion of additional matters into the proposed statement of facts until it reflects the truth as the court understands it to be. When necessary, the court may call to its aid the litigants or even subpoena third parties to elicit necessary information in order that the statement of facts may be corrected. *Livermore v. Northwest Airlines, Inc.,* 6 Wn. (2d) 1, 106 P. (2d) 578.

A trial court is not required to certify any statement of facts, even an agreed one, which is untrue, but it must indicate the nature of the error or omission upon which it relies so that an appellant, who has filed a proposed statement of facts in good faith, may have an opportunity to correct it. Refusal to certify may not be predicated solely upon an absence of a transcript of the court reporter's notes. *In re Grady v. Schneckloth,* 51 Wn. (2d) 1, 314 P. (2d) 930.

The trial court erred in declining to function on the proposed narrative statement of facts for the reasons given.

This state has never required a statement of facts on appeal to contain a stenographic transcript of the entire evidence taken at the trial. The statement of facts may be in narrative form and need not be a *verbatim* reproduction of all that transpired. The fact that the proposed statement of facts is in narrative form does not make it an appeal on a short record. *In re Grady v. Schneckloth, supra.* Respondent will not be heard to say that no statement of facts in narrative form can be submitted in good faith as a complete record of the proceedings. It is true an appellant cannot cast upon the trial court and/or opposing counsel the burden of substantially preparing the statement of facts by way of proposed amendments. *State ex rel. Larpenteur v. Superior Court*, 183 Wash. 252, 48 P. (2d) 205. Such a statement of facts would not be proposed in good faith, but the trial court must so find if certification is to be refused on that ground.

The writ of mandate is granted with directions to the trial court to function upon the proposed narrative statement of facts in a manner consistent with this opinion.

HILL, C. J., FINLEY, FOSTER, and HUNTER, JJ., concur.