[No. 35871. Department Two. September 24, 1962.]

THE STATE OF WASHINGTON, *Plaintiff*, v. ROBERT TWITCHELL, *Defendant and Relator*, THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Charles F. Stafford, Judge, Respondent.**

*Robert L. Butler* and *Clay Nixon*, for relator.

*E. Lloyd Meeds*, for respondent.

PER CURIAM.—This is an application for a writ of mandamus to compel the trial judge to certify a statement of facts.

The trial judge has stated that he will certify the statement of facts, if the following additions are made:

1. 143 pages presently missing at the end of the proposed statement of facts.

*Reported in 375 P. (2d) 252.

2. A supplemental statement of facts containing the proceedings and oral arguments occurring on or about February 4, 1960, which resulted in the trial court's memorandum opinion of March 21, 1960.

3. A supplemental statement of facts containing the proceedings and oral opinion of the trial court dealing with the defendant's motions alleging: That unauthorized persons were present at the grand jury proceedings.

4. A supplemental statement of facts, giving the complete oral ruling of the trial court on the motion for a new trial in place of the partial statement of the oral ruling made January 4, 1961, and shown at page 3737 of the proposed statement of facts.

■ We have said, in *Palin v. General Constr. Co.* (1954), 45 Wn. (2d) 721, 727, 277 P. (2d) 703, and now reiterate, that the trial judge is not bound by the failure of the adverse party to propose amendments to a proposed statement of facts, and that he can require that it be amended to contain everything that he has some justifiable reason to believe is material to the appeal.

■ The trial judge here did what we have said he must do, *i.e.,* point out the deficiencies in the proposed statement of facts which must be corrected before certification. *Glaser v. Holdorf* (1958), 53 Wn. (2d) 92, 94, 330 P. (2d) 1066.

■ The trial judge, in a letter to counsel, explained his reasons for desiring the addition of each of these items to the proposed statement of facts. Thereafter, apparently following the procedure in *State ex rel. Simcoe Sheep Co. v. Superior Court* (1940), 2 Wn. (2d) 594, 98 P. (2d) 977, he entered an order designating the additions which would be required prior to certification. We have examined the appellant's brief to ascertain the issues raised on the appeal and are satisfied that there is nothing arbitrary or unreasonable in the trial judge's requirements for certification and that there is a justifiable reason to believe that the matter required to be added is material to the appeal. What we said in *State ex rel. Simcoe Sheep Co. v. Superior Court, supra,* may be appropriately repeated here:

" . . . The trial judge, who heard the evidence and is familiar with the entire proceedings in the cause, is in a far better position than anyone else to decide what the statement of facts or bill of exceptions should contain, and when it is complete or sufficient to enable this court to determine the matters to be presented on appeal. In deciding such questions, the sound discretion of the trial court will be reviewed by this court only in instances of manifest abuse."

The four additions to the proposed statement of facts indicated the trial court's order of August 8, 1962, must be made before he can be required to certify that the statement of facts contains all the material facts, matters and proceedings pertaining to the appeal, heretofore occurring in the cause and not already a part of the record therein.

The application for a writ of mandamus is denied.

Other matters suggested at the hearing, relative to how the requirements of the trial judge are to be met, challenge the consideration of this court.

■ We were advised that items 1 and 4 are prepared and await only formal service upon the prosecuting attorney, filing with the clerk, and presentation to the trial judge. In short, their addition to the statement of facts is merely a matter of mechanics, but is stymied by the insistence of one of the counsel for the defendant-appellant that he is entitled to have the proposed statement of facts certified "as is," because it had been agreed to by the former prosecuting attorney. Such a position is completely untenable. Counsel cannot stipulate a record and require the trial judge to certify it. *Glaser v. Holdorf, supra; Palin v. General Constr. Co., supra; State ex rel. Simcoe Sheep Co. v. Superior Court, supra.* In the latter case we said:

"A trial judge, in settling a statement of facts or bill of exceptions, is not bound by any agreement of counsel for the respective parties, as such counsel might, either by collusion, indifference, or carelessness, agree that a proposed statement or bill is, in fact, complete, when such is not the fact, in which case it is the duty of the trial court to see that the statement is made complete, so that this court may hear the case on appeal upon the full record made before the court below. . . ."

We assume that attention having been directed to our holdings, appellant's counsel will now proceed without further delay to serve and file items 1 and 4 and present them to the trial judge.

A reason for the failure to furnish items 2 and 3, given by counsel for appellant to this court, is that the defendant-appellant is now entirely destitute. We are mindful of the rule that no one shall be required to accomplish the impossible.

Acting on the assurance of counsel that the defendant-appellant is now destitute and without the means to furnish items 2 and 3, it is necessary that these items be added to the proposed statement of facts at public expense.

Writ denied, with directions to counsel for the defendant-appellant to take the necessary steps to add items 1 and 4 to the proposed statement of facts, and with directions to the prosecuting attorney for Snohomish County to see that items 2 and 3 are added to the proposed statement of facts without cost to the defendant-appellant.