[No. 34238.  Department Two.  December 12, 1957.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JAMES E.
ROSS, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State
Penitentiary, Respondent.*[2]

*James E. Ross, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—James E. Ross was convicted of first degree murder April 6, 1950. Sentence of life imprisonment was imposed July 7, 1950, the jury having recommended against the death penalty.

Notice of appeal was given. The trial court refused the application made by Ross for a statement of facts at county expense, being "satisfied defendant had a fair and impartial trial." There is no claim that Ross made any effort to file a narrative statement of facts, which is permissible under our practice. No statement of facts having been filed, the appeal was dismissed October 13, 1950.

[1]Reported in 318 P. (2d) 324.

[2]Reported in 318 P. (2d) 975.

Ross has heretofore had applications for writs of *habeas corpus* denied by this court and by the superior court for Walla Walla county.

By this application for *habeas corpus*, he makes the same contentions that were made in *In re Grady v. Schneckloth* (1957), *ante* p. 1, 314 P. (2d) 930, *i. e.*, that an indigent defendant, who desires to appeal his conviction, is entitled to a free statement of facts as a matter of right because of the opinion of the United States supreme court in *Griffin v. Illinois* (1956), 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585.

The fallacy of this contention was made clear in the *Grady* case, and on the authority of that case the application for a writ of *habeas corpus* is denied.