[No. 34238.　*En Banc.*　April 16, 1959.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JAMES E. ROSS, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

*James E. Ross, pro se. (J. J. Roller and F. Curtis Hilton,* of counsel, *pro bono publico.)*

*The Attorney General* and *Michael R. Alfieri, Special Assistant,* for respondent.

PER CURIAM.—The United States Supreme Court vacated our judgment herein (51 Wn. (2d) 893, 318 P. (2d) 975; certiorari granted 357 U. S. 575, 2 L. Ed. (2d) 1547, 78 S. Ct. 1387) and ordered reconsideration in light of *Eskridge v. Washington State Board of Prison Terms & Paroles,* 357 U. S. 214, 2 L. Ed. (2d) 1269, 78 S. Ct. 1061.

Petitioner James E. Ross petitioned for *habeas corpus* on the ground that his constitutional rights were denied because of the refusal of the trial court to order a complete statement of facts at public expense upon his appeal from a judgment of conviction of first-degree murder. We denied the petition (51 Wn. (2d) 893, 318 P. (2d) 975) upon the authority of *In re Grady v. Schneckloth,* 51 Wn. (2d) 1, 314 P. (2d) 930, certiorari denied 357 U. S. 939, 2 L. Ed. (2d) 1554, 78 S. Ct. 1391, in which we held that a complete statement of facts was unnecessary for an appeal.　Reference is made to our earlier opinion for a more complete statement.

Pursuant to our opinion in *In re Woods v. Rhay, ante* p. 36, 338 P. (2d) 332, filed this day, the order of this court denying the petition for *habeas corpus* is vacated. The appeal of the petitioner is reinstated, and the cause is remanded to the superior court with directions that petitioner be permitted to file a new motion for a statement of facts at public expense according to the rules laid down in *In re Woods v. Rhay, supra,* and for determination of the issues raised by said motion. Petitioner's motion for the appointment of counsel to perfect his appeal shall be determined by the superior court pursuant to General Rule of the Superior Court 34, 52 Wn. (2d) lxi, effective January 12, 1959; RCW Vol. 0, which provides:

[1] Reported in 338 P. (2d) 343.

"Whenever a trial judge, in the exercise of his discretion, authorizes the expenditure of county funds on behalf of an indigent defendant to perfect a review by the Supreme Court, he shall, at the same time, appoint a member of the bar of this state to represent said defendant on said review, unless the defendant is represented other than *pro se*."

The time for perfecting the appeal shall run from the date of such order.